O'Connor v. Koch.

TIMOTHY O'CONNOR, Appellant, vs. THEODORE KOCH Respondent.

56   253
32a  479
33a  114

56   253
112  485

56   253
57a   73

56   253
159  624

56   253
88a  324

56     253
99a  ²527

1. *Practice, civil—Pleading–Distinctness and brevity in—Motion to amend pleading for uncertainty—Motion stricken out on same ground.*—A motion to reform a petition on the general allegation that the pleadings are irrelevant or redundant is not sufficient. The motion should, with at least a reasonable degree of certainty, set forth the particulars wherein the pleadings are uncertain. Good practice not only requires the petition to have certainty and brevity, but it also requires some certainty and distinctness to be observed by the defendant.

2. *New trial—Motion for—Not necessary, when.*—Generally, a motion for a new trial is necessary in order to bring the matter complained of to the attention of the trial court and save matters of exception which occurred in the progress of the trial. But when the whole case is decided upon demurrer to the petition, and judgment is rendered thereon, or where the case is dismissed upon motion, and the motion and exceptions are preserved of record by a bill of exceptions, so that the errors of the court appear upon the record, it is not necessary or usual to file a motion for a new trial.

3. *Judgment for costs a final judgment.*—Where a suit is dismissed, judgment against plaintiff for costs is a final judgment from which appeal will lie.

*Appeal from St. Louis Circuit Court.*

*John F. Darby*, for Appellant.

I. "Motions to strike out parts of pleadings should contain the parts sought to be stricken out; or those parts should be so designated that they can be readily ascertained." (Pierce vs. McIntyre, 29 Mo., 423.)

II. Again: "All motions shall be accompanied by a written specification of the reasons upon which they are founded; and no reasons not so specified shall be urged in support of the motions." (Genl. Stat. 1865, ch. 165, § 48, p. 662.)

In the case before the court, no specifications whatever were given in the motion. A mere general indefinite allegation, but no definite specification was given in the motion as was required by law. (Casey vs. Barcroft, 5 Mo., 128; Patterson vs. Hollister, 32 Mo., 478.) Again: " In the construction of a pleading for the purpose of determining its effect; its allegations shall be liberally construed with a view to substantial justice between the parties. (Genl. Stat. 1865, § 37, p. 661; see also McClothlin vs. Hemery, 44 Mo., 350.)

The petition itself shows that it was written in pure English. The sentences were all grammatical. As to what constitutes a "clear and concise statement," I submit to the court a few illustrations:

Proverbs: Chapter VII, 9th Verse.—"In the twilight, in the evening, in the black and dark night."

Same book and Chapter, 16th Verse.—"I have decked my bed with coverings of tapestry, with carved *works*, with fine linen of Egypt."

Again, Judges: Chapter V, Verse 27.—"At her feet he bowed, he fell, he lay down; at her feet he bowed, he fell; where he bowed, there he fell down dead." Then again, look at the first chapter and the first verse of the Gospel of St. John, as contained in the New Testament: "In the beginning was the word, and the word was with God, and the word was God."

The above examples will suffice. The words "twilight," "in the evening," "in the dark and black night," in the first quotation given are not repetitions, any more than the few adjectives in a few sentences of the plaintiff's petition are repetitions; and so of the other quotations and illustrations, which are so manifest to the court.

We have heard of eminent divines, so fully competent to judge, being carried away and enraptured by the sublime and inspired passages in the writings of the prophet Isaiah; or praising the plea of Judah for Benjamin before his brother Joseph in Egypt, as amongst the finest pieces of eloquence and concise expressive utterances to be found in the English language, which men of less culture and scholarly attainment would be incapable of appreciating.

The plaintiff in this suit would as soon have expected the defendant's counsel to have found fault with, and criticised the passage above quoted from Holy Writ itself, as not being concise, or of their being a "repetition" as for him to have so made the general charge without specification as was done in this case.

As to the general objection made by the defendant that the "petition is merely a statement of the plaintiff's evidence," there is not the least ground to sustain the objection.   The petition itself shows that it was a plain and concise statement of facts constituting the cause of action.

If, in the petition, the plaintiff should have stated that he could prove by one or more witnesses that the defendant, Koch, was driving his horse Tobe (if that was his name), at a furious rate, on and along Broadway, in the city of St. Louis, on the twenty-first day of March, eighteen hundred and seventy-one ; that the horses neck was bowed, his tail up, his nostrils distended, his mouth open and foaming, and the froth flying to the wind behind therefrom as rapidly as the sparks from a locomotive on a railroad going at great speed ; that Mr. Koch held his horse with a tight rein as he sat in the buggy, still urging, still pressing the spirited animal to greater speed all the while by talking to him and scolding him with such expressions as, "go it my boy," "spread yourself," "astonish the natives," and the like, &c. ; that the people and foot passengers on Broadway were attracted to him, and astonished at the recklessness of the driver in dashing through the public thoroughfare of a populous city in such a breakneck, careless manner, that a gang of dogs joined in the pursuit, yelping after the rapid driver, unable to overtake him ; that men ran from the sidewalk to the middle of the street to keep in full view of the desperate, rapid driver; that everybody on the street, even some of the old market women, partook of the general excitement, and with amazement exclaimed "goodness gracious," raising both hands expressive of their surprise, till the general crash and breaking down occurred, when several persons remarked, "I thought that fellow would kill somebody or break his own neck,"—this would have been stating evidence.   But nothing of the sort was stated in the petition, and if, as the petition stood and was filed, the evidence as here stated had really been offered, the plaintiff would have been entitled to recover, no doubt.

As a general thing, in all courts when any particular objec-

tion or exception to any language, statement or phraseology of proceedings is taken, the party making the exception is bound to bring it to the attention of the court by quoting the particular sentence or phraseology excepted to, in *hæc verba*, so that the court may see fully and be informed of the nature of the objection.

*E. C. Kehr*, for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was brought in the St. Louis Circuit Court to recover damages alleged to have been sustained by the plaintiff from the wrongful act of the defendant, in violently running his buggy against the wagon in which plaintiff was riding along the public streets of St. Louis.

For a proper understanding of the case, the petition, although a long one, will be set out in full. It is as follows: "Timothy O'Connor, the plaintiff in this suit, complains of Theodore Koch the defendant in this suit, and sets forth his complaint in this, his petition, as follows: That is to say, he, the said plaintiff, was seated in a spring wagon, belonging to him, said plaintiff, and was driving his horse attached to the same at a moderate and gentle gait on Broadway, one of the free open public streets in the city of St. Louis, in the county of St. Louis and State of Missouri, where he, the said plaintiff, had a right to be, to use and to travel with and in his spring wagon, in said public street and highway, on the twenty-first day of March in the year of our Lord eighteen hundred and seventy-one, when he, the said defendant, Theodore Koch, came driving with great fury, and riding in a buggy-wagon behind and in the rear of said plaintiff, and in such manner that the plaintiff did not know that the said defendant was approaching him, the said plaintiff, and at the time when he, said plaintiff, did not see him, said defendant, and when said plaintiff was entirely unconscious of danger, he, said defendant, who was thus riding and driving rapidly in the rear of and behind said plaintiff, on Broadway, in the city of St. Louis as aforesaid, did drive his said buggy with such force and violence against the spring wagon

in which he, the said plaintiff, was sitting and driving at a moderate gait on Broadway as 'aforesaid, that he, the said defendant, did break down, demolish and upset the said spring wagon of him, said plaintiff; whereby he, said plaintiff, was knocked out of said spring wagon and thrown with such force and violence in and upon the pavement and stones in the street in Broadway as to bruise, hurt and injure him greatly. The sudden shock and violence with which he, the said Timothy O'Connor, was hurled from his said spring wagon and thrown in the street by said defendant as aforesaid, caused great bodily pain and suffering to him, said plaintiff, to relieve which, he, said plaintiff, was necessarily compelled to and did, employ medical aid and assistance to soothe his pain and relieve him from the distress and injuries so inflicted upon him, said plaintiff, by the defendant running over, upon, upsetting and breaking down said plaintiff's spring wagon, as aforesaid ; by which said plaintiff incurred great expense, to-wit, the sum of twenty dollars; and said plaintiff was, by reason of the injuries so inflicted upon him as aforesaid by said defendant, and the soreness of his body and the bruises on his limbs, for the space of ten days unable to attend properly to his duties and business pursuits in life, which also resulted in serious loss and damage to said plaintiff; that in consequence of said defendant's conduct in breaking down and upsetting said plaintiff's spring wagon as aforesaid, the same was greatly damaged, and it cost him, said plaintiff, a considerable sum of money, as much as ten dollars to repair the same, and did otherwise injure and destroy said plaintiff's property greatly.

Said plaintiff avers, that the street was broad and there was ample room and sufficient space for said defendant to have passed him, said plaintiff, on said Broadway at the time ; and that he, said defendant, could have indulged in and enjoyed his fond desire for fast driving his fast and spirited horse in and along the great thoroughfare, and have gratified his pride in attracting the gaze, attention and admiration of all the pedestrians and passers-by, to the fleetness of the spirited and noble animal which he drove, without his running over

and breaking down said plaintiff's spring wagon, and injuring and bruising his person and destroying his property as aforesaid. Wherefore said plaintiff says he has been greatly injured and damaged by said defendant, in his person and property in manner aforesaid, to the amount of one thousand dollars, for which sum he asks judgment, together with his costs," &c.

The defendant appeared at the return of the summons and filed the following motion, to-wit:

"Now at this day comes the defendant and moves the court to compel the plaintiff to reform his petition; and in case plaintiff shall refuse so to reform his petition as to make it conform to the rules of pleading, then that said petition be stricken from the files. And in support of this motion the defendant assigns the following reasons, to-wit; 1st, Because said petition is not a plain and concise statement of the facts constituting plaintiff's supposed cause of action. 2nd, Because the same abounds in unnecessary repetitions. 3rd, Because the petition is merely a statement of the plaintiff's evidence and not a statement of his cause of action. 4th, Because the same is full of irrelevant matter wholly foreign to the allegations of a legal right."

At the October Special Term of the said Circuit Court this motion was sustained by the court, when the following entries appear to have been made:

"Monday, November 13, 1871."

"The court having duly heard and considered the motion to reform the petition herein, and being fully advised of and concerning the premises, doth order that said motion be sustained."

"Saturday, November 18, 1871."

"Now at this day comes the said plaintiff, by his attorney, and it appearing to the court that said plaintiff declines to plead further herein, it is therefore considered by the court, that said plaintiff's petition be dismissed at the costs of said plaintiff, and that execution issue therefor. On motion of said plaintiff by his attorney, an appeal is allowed him to the general term of the court from the decision herein."

A bill of exceptions is filed in the cause, making the motion and orders thereon part of the record, by which it is shown that the plaintiff at the time excepted to the action of the court in sustaining the motion filed by the defendant, and in dismissing the plaintiff's petition.

The bill of exceptions also shows, that the following rule of court was in force at the time that the defendant's motion was sustained and the petition dismissed:

"Rule 22d. When a motion is made to strike out a part of any pleading, it shall distinctly point out the page and line or lines of the page proposed to be stricken out, and shall embody a copy of the same, or the beginning and ending clauses thereof."

The case was appealed by the plaintiff to the General Term, where the judgment of the Special Term was affirmed, from which the plaintiff appealed to this court.

The propriety of the ruling of the Circuit Court in sustaining the motion of the defendant to compel the plaintiff to reform his petition, and in dismissing the plaintiff's petition is brought in question in this court. By the 20th section of article 5 of the law of this State concerning "Practice in Civil Cases" it is provided "If irrelevant or redundant matter be inserted in a pleading, it may be stricken out on motion of the adverse party; and when the allegations or denials of a pleading are so indefinite or uncertain that the precise nature of the charge or denial is not apparent, and when they fail in any other respect to conform to the requirements of the law, the court may require the pleadings to be made definite and certain and otherwise to conform to law, by amendment."

By the 23d section of the same act it is provided that "no party shall be required to state evidence in his pleadings, or to disclose therein the means by which he intends to prove his case." I might also refer to other sections of the statute by all of which it is apparent that the legislature intended to secure as far as possible directness and brevity in pleadings."

The means provided by which these ends are to be secured, or a violation or disregard of which are to be corrected, is provided for in the 20th section before set forth.

The means provided are of two different characters, intended to remedy two different characters of defects in pleading. First, where irrelevant or redundant matter is inserted in a pleading, the remedy is to strike out the irrelevant or redundant matter on motion. Second, where the allegations or denials in a pleading are indefinite or uncertain, so that the precise nature of the charge or denial is not apparent, &c., the court may require the pleading to be made definite and certain on motion of the adverse party.

If the plaintiff's petition is objectionable, the question is, whether the objections to the petition come within the first or second class of objections before stated. I think the plaintiff's petition cannot be said to be either so indefinite or uncertain that the precise nature of the charge is not apparent. The charges in the petition are, that, on a certain day named, the plaintiff was riding in a spring wagon upon a public street in the City of St. Louis and was driving along the street, as was his right to do, at a moderate gait, and that the defendant came up behind the plaintiff without his knowledge, driving a spirited horse to which was attached a buggy-wagon, in a furious and rapid manner, and that, although the street was wide and open with sufficient room for the defendant to pass without striking or injuring the plaintiff or his wagon, yet the defendant in his rapid and furious driving drove his buggy against the wagon of plaintiff and upset and injured the same, and also bruised and wounded the plaintiff; by which he was injured and damaged, &c.

These are the substantial allegations and charges in the petition, and although the plaintiff has used a great many words in making the charges, and used some language wholly irrelevant and impertinent, yet the charges themselves are certain and cannot be misunderstood by any one. The defendant would have no difficulty in ascertaining exactly with what he was charged, and could have no difficulty in answering the same.

The petition in this case is obnoxious to the fault of having irrelevant and redundant matter inserted therein, but the mo-

tion of the defendant was not founded on this objection, and if it had been, the rule of court before set forth required the defendant to set forth in his motion the particular redundant or irrelevant matter sought to be stricken out, which was not done in the motion of the defendant. If there had been no such rule of court, or if the motion was properly made to require the plaintiff to make his petition more definite and certain, or to require him in any other matter to conform his petition to the requirements of the law, the motion and order of the court should, with at least reasonable certainty, set forth the particulars in which the petition was uncertain or otherwise defective, so that the plaintiff could know from the motion and order of the court in what particular his petition was adjudged to be defective, and in what he was required to amend it; otherwise the plaintiff might omit in his amended pleading the very matters which the court deemed to be material, and retain the matters deemed by the court to be redundant. The plaintiff had a right to know what in his petion was deemed to be improper or redundant, and what was deemed to be proper, so that he could either amend in conformity to the view of the court, or stand by his petition as it was, and appeal to a higher court.

In this case it was impossible from the motion of the defendant and the order of the court, that the plaintiff could know in what particular the court deemed his petition defective, so that it could be conformed to the views of the court.

It must be kept in mind, that good practice not only requires the petition to have certainty and brevity, but it also requires some certainty and distinctness to be observed by the defendant, so that the defects, if any, in the plaintiff's petition could be intelligently and certainly remedied so as to conform to the ruling of the court. This was not done.

It is objected in this court by the defendant, that no motion for a new trial was filed in the Circuit Court, and that, therefore, this court will not review the errors of the court below. It is very true, that in most cases a motion for a new trial is necessary, in order to bring the matter complained of to

the attention of the trial court and save matters of exception which occurred in the progress of the trial. Several cases have been decided in this court to that effect. But where the whole case is decided upon demurrer to the petition, and judgment rendered thereon, or where the case is dismissed upon motion, and the motion and exceptions are preserved of record by a bill of exceptions, so that the errors of the court appear upon the record, it is not usual or necessary to file a motion for a new trial for the mere purpose of having the court to twice hear the same motion or demurrer. (Bruce vs. Vogel, 38 Mo., 100; Parker vs. Han. & St. Joe. R. R. Co., 44 Mo., 415.)

The court in this case sustained the defendant's motion. The plaintiff refused to amend his petition and the court dismissed the suit and rendered judgment against the plaintiff for costs. We held in a similar case, where the plaintiff's suit was dismissed, and judgment rendered against him for costs, that the judgment in such case was a final judgment from which the plaintiff could appeal. (Bowie vs. Kansas City, 51 Mo., 454.)

The other judges concurring, the judgment will be reversed and the cause remanded.