In the Matter of the Estate of Frederica Ger-
STACKER; HENRY KOPPER *et al.*, Respondents, v.
WM. H. COERVER, Administrator, Appellant.

St. Louis Court of Appeals, March 5, 1894.

1. Administration: APPOINTMENT OF ADMINISTRATOR. The appoint-
ment of a stranger as administrator of the estate of a decedent,
though made without the issue of any citation, will be upheld, if it is
made more than thirty days after the death of the decedent, and if
all persons, who at the time have the statutory right and qualification
to administer, have duly renounced their right to letters.

2. ———: PRACTICE APPELLATE: WHEN MOTION FOR NEW TRIAL IS NOT
NECESSARY. When an appeal is taken from an order for the removal
of an administrator upon motion therefor, and it appears upon the
face of the motion itself that the order is unwarranted, the failure of
the appellant to file a motion for new trial in the trial court is
immaterial.

*Appeal from the Cape Girardeau Court of Common Pleas.*
HON. ALEX. ROSS, Judge.

REVERSED.

*Edward D. Englemann* for appellant.

*Wilson & Whitelaw* for respondents.

ROMBAUER, P. J.—Frederica Gerstacker died intes-
tate and without issue in Cape Girardeau county on
July 6, 1892. She left surviving her a husband and a
married sister, Johanna Fasthong, by name, residing
in Cape Girardeau, and two brothers residing in for-
eign parts. The husband renounced in writing his
right to administer, and requested that the defendant
be appointed administrator. The clerk of the probate
court thereupon in vacation on September 20, 1892,

appointed the defendant to administer on the estate, which appointment was confirmed by the probate court at the next succeeding term on the twenty-fourth of January, 1893. The defendant qualified as administrator immediately after his appointment.

Some time after the defendant had thus qualified, Johanna Fasthong died intestate. She left surviving her two children, one of whom, the plaintiff, Minnie Kopper, lived in Cape Girardeau. Minnie and her husband and coplaintiff thereupon appeared before the court, and moved to vacate the appointment of the defendant, and appoint Henry Kopper, one of the plaintiffs, administrator of the estate, on the ground that Coerver's appointment was made without motion of any person interested in the estate, and without any citation being issued to persons entitled to administer as next of kin. The court sustained the motion, canceled the letters of Coerver as administrator, and appointed Kopper administrator of the estate. From this order Coerver appeals.

The action of the court seems to have been based on a misconception of the statute. The husband having renounced his right to administer, and there being admittedly no person residing within this state at the time, entitled to administration and capable of administering under sections 6 and 7 of the Revised Statutes of 1889, the court had full power under the provisions of section 8 to appoint any person it deemed suitable for that purpose. The appointment in this case was made more than thirty days after the death of Frederica Gerstacker; hence there can be no question as to the jurisdiction of the court in the premises. That no citation was issued is wholly immaterial, as it affirmatively appears that no person was entitled to any citation, and that no person had a statutory right to administer, beyond the husband who had renounced

his right without any citation.

The point that no motion for new trial was filed in the case, and that hence the testimony offered is not before us, is entitled to no weight. It appears by the plaintiff's own motion, which is embodied in the bill of exceptions, that there was no legal ground in the premises for the removal of the administrator. *O' Connor v. Koch*, 56 Mo. 253.

Judgment reversed. All concur.