## A. F. PONCOT, Appellant, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Respondent.

**Springfield Court of Appeals, December 11, 1913.**

1. **APPELLATE PRACTICE: Matters of Exception: Not Embraced in Motion for New Trial.** The appellate court will not consider matters of exception of which no complaint was made in a motion for a new trial. [Citing Secs. 2081 and 2083, R. S. 1909.]

2. **PLEADINGS: Amended Petition: Motion to Strike out: Not in Nature of Demurrer.** A motion to strike out an amended petition because of departure cannot be considered in the nature of a demurrer.

3. ———: **Motion to Strike out Amended Petition: Considered When.** A motion to strike out an amended petition because of a departure is not part of the record proper and will be reviewed only when the attention of the trial court has been called thereto by a motion for a new trial.

4. **APPELLATE PRACTICE: Appeal from Judgment of Dismissal: What Considered.** Plaintiff's amended petition was stricken out because of a departure and the court later dismissed the cause for failure of plaintiff to 'prosecute same. From the judgment of dismissal, plaintiff appealed. *Held*, that only the dismissal could be complained of.

5. **NEW TRIAL: Motion for: Purpose of.** The rule requiring a motion for a new trial is a just and fair one to the trial court and the appellate courts should enforce same.

6. **WATERS AND WATERCOURSES: Construction: Ditches and Culverts.** Under R. S. 1909, sec. 3150, requiring railroad companies to construct and maintain suitable openings across and through the right of way and roadbed and suitable ditches and drains along each side of the roadbed to connect with ditches, drains, or watercourses so as to afford sufficient outlet to drain and carry off the water, including the surface water along the railroad whenever the draining thereof has been destroyed or rendered necessary by the construction of such railroad, where the lateral drain on the *south* side of the roadbed was not constructed in a negligent manner, was not an unsuitable one, and was not made to drain more territory or surface water than was necessary in complying with the statute, and there was no

176 Mo. App. 15

other ditch, drain, or watercourse affording an outlet for such lateral ditch, the company was not liable because the ditch *after passing* through the roadbed *and leaving the right of way* overflowed the land on the north side *of the same, the opening through the roadbed and ditch on the right of way being sufficient*; the company merely having done what it was authorized to do by the statute. [Per STURGIS, J., FARRINGTON, J., concurring.]

Appeal from Jasper County Circuit Court, Division Number Two.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*Shannon & Phelps* for appellant.

(1) There are two tests by which to determine whether an amended petition is a departure from the original and states a new cause of action: First, whether the same evidence will support the petitions, and second, whether the same measure of damages will apply to both. If these tests are answerable in the affirmative it is an amendment; if in the negative it is a substitution. Liese v. Meyers, 143 Mo. 547; Robertson v. Springfield & S. R. Co., 21 Mo. App. 633; Walker v. Railroad, 193 Mo. 472; Grigsby v. Barton County, 169 Mo. 224; Bick v. Vaughn, 140 Mo. App. 601; Knight v. Railroad, 120 Mo. App. 311; Haines v. Pierson, 107 Mo. App. 481. (2) Sec. 2038, R. S. 1909, provides for an appeal from "any final judgment in the case," and a judgment dismissing a case is a final judgment. Railroad v. City of Kansas, 29 Mo. App. 89; Bank v. Armstrong, 92 Mo. 265; Bowie v. Kansas City, 51 Mo. 454. (3) The judgment of dismissal in this case, being a part of the record proper, it was not necessary to preserve an exception thereto. Railroad v. Mahony, 42 Mo. 467; Ancell v. Cape Girardeau, 48 Mo. 80; State v. White, 61 Mo. 441; Funkhouser v. Mallen, 62 Mo. 555; Barton Bros. v. Martin, 54 Mo. App. 134. (4) Error in rulings on demurrers and motions relat-

ing to the pleadings may be reviewed on exceptions without a motion for a new trial. 14 Ency. of Pl. & Pr. 829.; Parker v. Waugh, 34 Mo. 340; Bruce v. Vogel, 38 Mo. 100; O'Connor v. Koch, 56 Mo. 253; Bowie v. Kansas City, 51 Mo. 454.

*R. T. Railey* and *A. E. Spencer* for respondent.

(1) The action of the court in striking out the amended petition was proper. Sec. 1848, R. S. 1909; Ross v. Mining Co., 162 Mo. 317; Wasson v. Boland, 136 Mo. App. 622.; Jones v. Whitney, 136 Mo. App. 683; Riley v. Railroad Co., 124 Mo. App. 278; Ray v. Dodd, 132 Mo. App. 444; Parker v. Rodes, 79 Mo. 88; Scovill v. Glasner, 79 Mo. 449; Sims v. Field, 24 Mo. App. 557; Barnes v. Prewitt, 28 Mo. App. 163; Drake v. Railroad, 35 Mo. App. 553; Courtney v. Sheehy, 38 Mo. App. 290; Heman v. Glann, 129 Mo. 325; Slaughter v. Davenport, 151 Mo. 26; Carter v. Dilley, 167 Mo. 564; Purdy v. Pfaff, 104 Mo. App. 331. (2) Appeal does not lie in this case from order dismissing case for failure to prosecute. The record shows an abandonment of the cause by plaintiff, rather than that plaintiff was driven from court by adverse rulings. Bank v. Armstrong, 92 Mo. 265; State ex rel. v. Homer, 150 Mo. App. 330.

ROBERTSON, P. J.—Plaintiff has appealed from the following judgment entered June 18, 1913:

"It appearing to the court that the plaintiff has failed to appear and prosecute this cause, it is therefore ordered by the court that this cause be and the same is hereby dismissed; that the defendant be discharged and recover of and from the plaintiff the costs of this case, and that execution issue therefor."

The history of the case is as follows: On May 17, 1912, the plaintiff filed in the circuit court his original petition seeking to recover for damages to

his crops caused by the flooding of his land by the defendant in the years 1907, 1908, 1909, 1910 and 1911. On the first day of the return term, June 3, 1912, the defendant appeared and answered by a general denial. At the November, 1912, term, on the commencement of the trial before a jury, upon motion to require the plaintiff to elect upon which cause of action he would proceed, the court sustained the same and thereupon the plaintiff filed an amended petition, stating the several causes of action embraced in the original petition in five separate counts. Afterwards, during the progress of the trial, the plaintiff further amended his petition by striking out certain portions of each count of said amended petition and interlining certain words in each count, which interlineations were by the court stricken out on the ground that they constituted a departure from the original petition and stated a new and different cause of action. The court discharged the jury, made an order continuing the cause and gave the plaintiff leave to file another amended petition. On December 14, 1912, the plaintiff filed another amended petition containing five counts, and on December 17, 1912, the defendant filed a motion to strike out each count of said last amended petition for the reason assigned that said amended petition stated different causes of action from those contained in the original petition. On January 4, 1913, the last day of the November term of said court, the court sustained the said motion and the plaintiff was given until the third day of the February, 1913, term of said court in which to file his bill of exceptions.

The next record disclosed in the case is that of the filing of the bill of exceptions on February 17, 1913, the first day of the February, 1913, term of court, and the only other record is that of the judgment of dismissal, above set out, on June 18, 1913, for failure to prosecute said cause. Plaintiff has taken the necessary steps to perfect his appeal to this court from

the judgment of dismissal, *but no motion for a new trial was filed by him in the circuit court.* This, we think, precludes a review by this court of the errors complained of here by the appellant.

Section 2083, Revised Statutes 1909, makes it our duty to examine the record in all cases irrespective of any exceptions in motions for new trial or in arrest of judgment, but under section 2081, Revised Statutes 1909, we overstep our bounds when we seek to decide questions which are wholly matters of exception but in which either no exceptions were saved, or of which no complaint was made in the motion for new trial. In short, we should be careful not to convict the trial court of an error of which full opportunity was not given, as provided for by law, for correction before the case reaches this court.

Thus, it is necessary that we determine whether the motion in this case to strike out the last amended petition of plaintiff from the files is a part of the record proper. Matters of exception, such as complaint of striking out portions of pleadings, not embraced in a motion for new trial, cannot be considered by this court. [Acock v. Acock, 57 Mo. 154, 156; Gardner v. Met. St. Ry. Co., 223 Mo. 389, 412, 122 S. W. 1068; Coffey v. Carthage, 200 Mo. 616, 629, 98 S. W. 562; Barrett v. Stoddard Co., 246 Mo. 501, 509, 152 S. W. 43; Williams v. Railway Co., 112 Mo. 463, 485, 20 S. W. 631.]

The case of Bick v. Dry, 134 Mo. App. 589, 114 S. W. 1145, is a case directly in point, holding that a motion and the action of the court in striking out the petition on the ground that there is a departure, are matters of exception and not a part of the record proper, so that it necessarily follows that they should be incorporated in the bill of exceptions; and, under the rulings in the Acock, Gardner, Coffey, Barrett and Williams cases, supra, it was essential that a motion in the nature, at least, of a motion for a new trial, should

have been filed, or that some opportunity should have been given the trial court to have corrected the errors of which complaint is now made.

In Bateson v. Clark, 37 Mo. 31, 34, it is said that the record proper is the petition, summons and all subsequent pleadings, including the verdict and judgment, and that these the law has made it our duty to examine and revise whether any exceptions are taken or not. In the opinion in the case of In re Estate of Howard, 128 Mo. App. 482, 490, 106 S. W. 116, are collected and classified numerous authorities and after the statement that there are various motions, the rulings on which may be reviewed without being mentioned in a motion for new trial, is the following: A motion "to strike out an entire pleading, *which motion is equivalent to a demurrer*. [O'Connor v. Koch, 56 Mo. 253.]" The case cited, upon which this instance is given, involved in effect a demurrer to the petition.

In the case of Heman v. Glann, 129 Mo. 325, 334, 31 S. W. 589, after a motion to strike out an amended petition on the ground of departure was sustained, the plaintiffs excepted, afterwards moved the court to set aside its order striking out said amended petition and, after that was overruled, the plaintiffs again excepted, and thereupon took a nonsuit with leave to move to set the same aside, and afterwards filed said motion, which was overruled, and plaintiffs excepted and thereupon perfected their appeal.

In the case of Ross v. Mineral Land Co., 162 Mo. 317, 328, 62 S. W. 984, upon the sustaining of a motion to strike out, the plaintiffs excepted and announced that they would stand upon their petition and declined to plead further. The court then gave judgment for the defendants, to which plaintiffs excepted and in due time filed their motion to set aside the order striking out their amended petition and to set aside the judgment rendered for the defendants and to

permit the plaintiffs to proceed to trial. Upon the overruling of this motion, the plaintiffs excepted and perfected their appeal.

In the case of Beattie Mfg. Co. v. Gerardi, 166 Mo. 142, 152, 65 S. W. 1035, the defendant sought to reach the defect of departure, or change of cause of action, by means of a demurrer and the Supreme Court held (p. 153) that as a demurrer only goes to some defect apparent on the face of the petition demurred to, the question could only have been raised by a motion to strike out. Thus, it is apparent that a motion of this character is not and cannot, under any circumstances, be considered in the nature of a demurrer or as a part of the record proper and the appellant in the case at bar so understood and, therefore, made the motion, and his exception to the action of the court sustaining it, a part of the record by a bill of exceptions, but he did not file any further motion in the nature of a motion for a new trial giving the circuit court an opportunity to correct the alleged error.

This case also presents the peculiar situation that long after the appellant had filed his bill of exceptions and made his last appearance in the case, the court dismissed the cause for failure to prosecute. It appears from the conduct of plaintiff in this regard that he had abandoned the case and he should now be heard to complain of nothing except the dismissal. The record does not disclose that the judgment from which the plaintiff has appealed was induced by the matters of which he now complains, but it appears to have been brought about as a result of his failure to prosecute his suit. The record does not disclose that his failure to proceed with his case was because of the action of the court in striking out his last amended petition. In this dismissal the court committed no error.

We feel that this case should not be passed without the suggestion that while we prefer to dispose

of cases on the merits rather than upon questions of practice, we should not be expected to ignore the statutory provisions that are enacted for a fair and full presentation to the circuit court of all matters to which error is here assigned. The rule requiring a motion for a new trial is a just one and one which in fairness to the lower court should be enforced when the occasion arises and the attention of the appellate court is called thereto. If the appellant had pursued an orderly course in the lower court it might have been unnecessary for him to seek a review here. After the circuit court dismissed his case for failure to prosecute he then proceeded here too rapidly.

Finding no error of which the trial court can be convicted, it is our duty to affirm the judgment. Affirmed. *Sturgis* and *Farrington, JJ.,* concur herein and file a separate opinion.

## SEPARATE CONCURRING OPINION.

STURGIS, J.—I fully concur with ROBERTSON, P. J., in the foregoing opinion and think the case should be affirmed for another reason.

Even if the motion to strike out the amended petition be regarded as having the force and effect of a demurrer and for that reason no motion for a new trial is necessary, yet the action of the court should be sustained for the reason that the amended petition so stricken out does not state facts sufficient to constitute a cause of action. The amended petition in effect alleges that the defendant constructed an embankment east and west so as to obstruct the natural flow northward of surface water on his adjacent farm on the south; that it constructed a ditch on the south side of this embankment to connect and drain the surface water westward into a ditch running north and crossing defendant's right of way; that this ditch running north overflowed the land on the north side

of the right of way because insufficient to carry off all the surface water running into the same. It is not alleged and in fact the overflow on the north side of the embankment could not be caused by an insufficient opening through the same or any obstruction on the right of way. The petition merely alleges that defendant did what the statute, section 3150, Revised Statutes 1909, authorizes and required it to do, to-wit, construct a suitable ditch and drain along the side of the roadbed to connect with the ditches and drains passing through its roadbed, so as to afford a sufficient outlet to drain and carry off the surface water. The statute does not require railroads to be built on open trestle work, so as to in no way obstruct the flow of surface water, but authorizes solid embankments with sufficient openings where there are ditches and drains or watercourses to pass through and the construction of lateral ditches and drains to connect with and drain the surface water into the same. [Graves v. Railroad, 69 Mo. App. 579; Cooper v. Railroad, 123 Mo. App. 141, 100 S. W. 494; Ranney v. Railroad, 137 Mo. App. 537, 119 S. W. 484.] To the extent to which railroads are permitted and required by this statute to construct and maintain ditches and drains along its roadbed to carry surface water into other ditches, drains, or watercourses, they cannot be held liable for so doing or for any damage resulting therefrom. It is not alleged that the lateral drain was constructed in a negligent manner or was not a "suitable" one or that it was made to drain more territory or more surface water than was necessary in complying with the statute, or that there was any other ditch, drain or watercourse affording an outlet for this lateral ditch. The rule forbidding the collection of surface water into ditches and discharging it in increased volume on other lands is not applicable to this case.

*Farrington, J.,* concurs.