MISSISSIPPI VALLEY TRUST COMPANY, Executor of the Estate of ROBERT E. COLLINS, DECEASED, Respondent, v. JOHN FRANKE, Appellant.*

St. Louis Court of Appeals.    Opinion Filed January 3, 1925.

1. **REFERENCES: Appointment of Referee: Not Complained of in Motion for New Trial: Effect: Term Bill of Exceptions: Appellate Practice.** In an action for attorney's fees, the action of the trial court in appointing a referee and overruling a motion to set aside such appointment will not be considered on appeal where no complaint was made in respect thereto in the motion for new trial, even though appellant filed a term bill of exceptions, since such term bill of exceptions is not a part of the record proper and, to be considered, must be brought up by proper bill of exceptions.

2. **APPELLATE PRACTICE: References: Finding of Fact: Confirmed by Trial Court: Not Disturbed on Appeal if Supported by Substantial**

Evidence. The findings of fact made by a referee in an action for attorney's fees when approved and confirmed by the trial court occupy the same *status* as the verdict of a jury and will not be disturbed on appeal if supported by substantial evidence.

*Headnote 1. Appeal and Error, 3 C. J., Section 867 (1926 Anno); 2. Appeal and Error, 4 C. J., Section 2865.

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Wm. H. Killoren,* Judge.

AFFIRMED.

*Dickmann & Burleigh* for appellant.

(1) This was not a proper case for reference. The court erred in denying the defendant its right to a jury trial and in compulsorily referring the cause to a referee. Ice Co. v. Tamm et al., 138 Mo. 385, 39 S. W. 791; Browning v. Ry. Co., 284 Mo. 439, 224 S. W. 789. Even if it could be said that the demands sued upon amount to an account, they do not constitute a long account. Ice Co. v. Tamm et al., 138 Mo. 392, 39 S. W. 791; Browning v. Ry Co., 284 Mo. 439, 224 S. W. 789. (2) Defendant has properly saved his right to have the action of the trial court on his motion to set aside the order of reference reviewed by an appellate court. Dean v. Wabash R. R. Co., 229 Mo. 429, 129 S. W. 953; Steinberg v. Levy, 159 Mo. 617, 60 S. W. 1114. (3) It is apparent that from an examination of the record proper the case is not a proper one for reference. Ice Co. v. Tamm et al., 138 Mo. 385, 39 S. W. 791; Browning v. Ry. Co., 284 Mo. 439, 224 S. W. 789. (4) Plaintiff is not entitled to recover anything on the second item of the third count of his petition for alleged additional services in the Supreme Court of the State of Missouri. The contract for services on appeal in the petition suit was drawn by plaintiff and signed by defendant. It is ambiguous and under the law should be construed most favorable to defendant. Belch et al. v. Schott et al., 157 S. W. 658, 171 Mo. App. 357, 6 Corpus

Juris, pp. 737-739. (5) The allowance of $310 to the referee is improper, as he has failed to comply with Rule 34 of the rules of the circuit court of the city of St. Louis relative to such allowances.

*William C. Robinson* for respondent.

(1) The abstract does not show a bill of exceptions; it does not state that a bill of exception was ever filed; and if it indicates that a bill of exceptions was ever filed, it shows the bill to have been filed two and one-half years after the expiration of the time allowed for filing the same. Where the abstract fails to state that a bill of exceptions was filed (and in time) there is nothing before the appellate court except that which is a part of the record proper. Crewell v. Mata, 213 Mo. App. 683; Loyless v. Roberts, 212 Mo. App. 55. (2) There was no error in referring the case. The petition and answer show about thirty items in controversy; the referee's report shows it required fifteen sessions to take the evidence, and 392 pages of the abstract are filled by it. It "required the examination of a long account" and "the taking of an account was necessary" and the trial court was authorized to send the case to a referee. Sec. 1426, R. S. 1919. (3) If there was an error in sending the case to a referee, the appellant waived such error by failing to include the point in his motion to set aside the reference and in his motion for a new trial. The appellate courts will not consider an alleged error of the trial court unless the point was brought to the attention of the trial court by a motion for a new trial. Ewart v. Young, 119 Mo. App. 483; Poncot v. Railroad Co., 176 Mo. App. 225; Hamman v. Coal Co., 156 Mo. 232; Lynch v. Railroad Co., 208 Mo. 1; Johnson v. Brick Co., 276 Mo. 42; Conray v. Davis, 256 S. W. 519-520; Bennett v. Hastian, 256 S. W. 750; Hill v. Davis, 257 S. W. 1069; Shern v. Simms, 258 S. W. 1029; Tuttle v. Choaster, 260 S. W. 819; State v. Mathison, 261 S. W. 335; Loveland v. Arnold, 261 S. W. 741. (4) The judgment is supported by the evidence. The re-

port of the referee was confirmed by the trial court and judgment entered accordingly. In such a case the appellate court will affirm the judgment if it is supported by substantial evidence. Minor v. Burton, 228 Mo. 558; Ables v. Pillman, 261 Mo. 359; St. Louis v. Parker Co., 271 Mo. 229; Roloson v. Riggs, 274 Mo. 522; Howe Co. v. City, 262 S. W. 59. (5) If no reply was filed, the error was waived by defendant. If the plaintiff failed to file a reply to defendant's amended answer, the defendant waived the error by proceeding to try the case as if the allegations of the answer had been put in issue, and also by failing to set up such error in his motion for a new trial, and he cannot now be heard to raise the point for the first time in the appellate court. Meador v. Malcom, 78 Mo. 550; Roden v. Helm, 192 Mo. 71; College v. Dockery, 241 Mo. 522. (6) There was no error in allowing compensation to the referee. Rule 34 of the St. Louis circuit court with which counsel says the referee failed to comply applies only to assignees and has no application to a referee.

NIPPER, C.—This is an action for attorney's fees for services alleged to have been performed by Henry B. Davis and August B. Kammann for defendant. The petition was filed by Henry B. Davis, in four counts. Two of the counts were for money for services alleged to have been rendered by Davis, and two of said counts for money alleged to be due for services rendered defendant and August Franke by August B. Kammann, Kammann having assigned his interests in the money alleged to be due under the two latter counts to Davis prior to the institution of the suit. Robert E. Collins afterwards became the assignee of Henry B. Davis, and while the suit was pending in this court Collins died, and the cause was revived in the name of the present plaintiff as executor of the estate of Collins.

The first count is based on a claim of $215, alleged to be due Kammann, and assigned to Davis. There were four items in this count.

The second count is based upon a claim assigned by Kammann to Davis, amounting to $410, for legal services. There are five items in this count.

The third count consists of four items, and is for $450, alleged to be due for legal services performed by Davis for defendant and August Franke.

The fourth count, consisting of six items, is for $375.64.

Defendant's first answer consisted of a general denial, after which, upon oral application of plaintiff, the court appointed a referee to hear and determine the issues. Defendant excepted to this action of the court, and afterwards filed a motion to set aside the order appointing a referee, on the grounds that the suit was not a proper one for the appointment of a referee, and that no time was given to agree upon any one to act as such. This motion was overruled, and a motion for a *nunc pro tunc* order to correct the minutes was filed. This motion was also overruled. Exceptions were saved to these rulings, and a term bill of exceptions was filed.

Defendant then filed an amended answer, consisting of a general denial, and a plea of payment as to a certain portion of the items claimed to be due by plaintiff.

The testimony was taken by the referee, and a report made. The referee was allowed $310 for his services, and judgment was entered in favor of the plaintiff against the defendant for $1014.15, and $284.95 was allowed and taxed as costs for stenographic fees. From this order and judgment defendant in due time and manner has appealed to this court.

The record discloses that Kammann assigned his interest to Davis. The evidence is quite voluminous, and it is unnecessary, under the circumstances in which this case is presented for our consideration on appeal, to set it out in detail.

Both Kammann and Davis testified as to the services which they rendered, and introduced the contracts under which a portion of the amount due was claimed. Three lawyers of the city of St. Louis testified as to the reason-

able value of the services rendered. The defendant denied a good part of the testimony offered on the part of the plaintiff, and introduced evidence tending to show that the conduct of these attorneys, Davis and Kammann, was questionable with respect to legal matters that had been entrusted to their care. The whole question was gone into by the referee, and upon his recommendations judgment was rendered for plaintiff for the sum above stated.

The first question presented for our consideration here is that the court erred in appointing a referee in this case, because it is not such a case as required the appointment of a referee. But we are precluded from considering this question because defendant makes no complaint of the trial court's action in this respect in his motion for new trial. He contends that, under the authority of Dean v. Wabash R. Co., 229 Mo. 425, 129 S. W. 953, he is not required to call the court's attention to his error in this respect in the motion for new trial because he has brought the matter to this court by a term bill of exceptions, and under such circumstances it is not necessary to call the trial court's attention to this matter in the motion for new trial. The Dean case, supra, is no authority for this contention. That case simply holds that a term bill of exceptions is not required to be embodied in the final bill which covers the trial. Even though the term bill of exceptions is properly before us, these exceptions are no part of the record proper. [Wolf v. Ward, 104 Mo. 127, 16 S. W. 161; Kline Cloak & Suit Co. v. Morris, 293 Mo. 478, 240 S. W. 96.]

The defendant evidently proceeds upon the theory that all matters brought up by a term bill are to be considered as part of the record proper. They are a part of the record just as the other proceedings at the trial are made a part of the record when brought here by a proper bill of exceptions. But they are matters of exception, and are not part of the record proper. A motion to vacate the appointment of a receiver is no part of the record proper, and in order to entitle the mover to have the

order reviewed in the appellate court the matter should be preserved in a bill of exceptions. [Cantwell v. Lead Co., 199 Mo. 1. c. 41, 97 S. W. 167; Buerck v. Mid-Nation Iron Products Co. (Mo. Sup.), 245 S. W. 45.] It is true the matter is brought here by a term bill of exceptions, but that does not mean that we can consider the trial court's action in refusing to vacate the order appointing a receiver when no complaint is made about this action in the motion for new trial. Defendant refers to the case of Sternberg v. Levy, 159 Mo. 617, 60 S. W. 1114, where the Supreme Court held that no motion for new trial was necessary to preserve the right to have the trial court's action on a motion to strike out reviewed, and quoted from O'Connor v. Koch, 56 Mo. 253, 1. c. 262. In the Sternberg case the court was discussing a motion to strike out which was treated and may be treated as a part of the record proper; but we are not dealing with such a motion in this case. O'Connor v. Koch, supra, has been condemned very recently by our Supreme Court, in Leahy v. Mercantile Trust Co., 247 S. W. 396, 1. c. 401, wherein Judge GRAVES said "The rule in O'Connor v. Koch, 56 Mo. loc. cit. 262, does not accord with the recent rulings of this court."

Before we could consider the question of the validity of the court's action in appointing a referee, or in overruling the motion to set aside the appointment, the defendant would have to complain of the trial court's action in respect thereto in his motion for new trial. [Foster v. Sayman (Mo. App.), 181 S. W. 1186; Wampler v. Railroad, 269 Mo. 464, 190 S. W. 908; Johnson v. Brick & Coal Co., 276 Mo. 42, 205 S. W. 615; Poncot v. R. Co., 176 Mo. App. 225, 161 S. W. 1190.]

There was substantial evidence to support the judgment; and the findings of fact made by a referee in such a case as this when approved and confirmed by the trial court occupy the same *status* as a verdict of the jury and will not be disturbed on appeal if supported by substantial evidence. [Kline Cloak & Suit Co. v. Morris, supra.]

It is insisted that the court erred in allowing the referee $300, because such referee failed to comply with certain rules of the lower court. There is nothing in this record to indicate such a fact, if it be a fact.

The Commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.