80 345
114 331

80 345
e152 261

JOHN L. KINNIE v. L. M. BARE, DRAIN COMMISSIONER.

[See 68 Mich. 625.]

*Drains—Law of 1885—Application—Notice of hearing—Adjournment.*

In construing Act No. 227, Laws of 1885 (drain law), the following points are decided:

*a*—The primary petition for the construction of the drain need not state that it is necessary for the public health or highways; citing chap. 3, § 1; *Gillett v. McLaughlin,* 69 Mich. 547.

*b*—The application to the probate court is not required to be verified; citing chap. 3, § 5.

*c*—An application referring to the "annexed original determination of the drain commissioner," which contains a description of the land traversed by the drain, and of the drain, is sufficient.

*d*—The petition for the establishment of the drain need not contain an accurate description of *termini* and route for the proposed drain; citing chap. 3, § 3; *Kinnie v. Bare,* 68 Mich. 625.

*e*—Mortgagees do not come within the description of persons entitled to notice of hearing; citing chap. 3, §§ 6, 7.

*f*—The statute does not require the *hearing* of the application to be had within 40 days from its filing with the probate court; the court having power to adjourn the same; citing chap. 3, §§ 6, 8; and an announcement of such an adjournment made in open court is a sufficient notice to all parties who have been served with citation, whether present or not.

Error to Eaton. (Hooker, J.) Argued April 18, 1890. Decided April 25, 1890.

*Certiorari* to drain commissioner, from circuit court, to review his proceedings in establishing a drain. Judgment of circuit court, confirming such proceedings, affirmed. The facts are stated in the opinion.

*Huggett & Smith,* for appellant.

*Shriner & Fox,* for defendant.

[The points of counsel are stated in the opinion.— REPORTER.]

CAHILL, J.   The defendant, who is drain commissioner of the township of Benton, Eaton county, has laid out and established a drain in that township on an application signed by more than five freeholders residing therein. The proceedings for laying out such drain were removed by *certiorari* to the circuit court for the county of Eaton, and on a hearing before that court the proceedings were affirmed.   The case is now brought to this Court by writ of error.

The objections to the proceedings, as shown by the affidavit for *certiorari,* are as follows:

" 1. That the primary petition for the construction of said drain does not state that said drain is necessary for the public health or highways, or that the same is a public necessity."

This is not required by the statute.   Act No. 227, Laws of 1885, chap. 3, § 1; *Gillett v. McLaughlin,* 69 Mich. 547.

The second and third errors are abandoned.

" 4. That the application to the probate court is not sworn to or verified by affidavit of said commissioner or other person."

The statute does not require the application to the probate court to be sworn to.   Act No. 227, Laws of 1885, chap. 3, §. 5.

" 5. That said application does not give a description of the land traversed by said drain, as required by law.

" 6. That there is no description of said drain contained in the application to the probate court for the appointment of special commissioners."

The application refers to the original determination of the commissioner, which is annexed to the application as Exhibit B, and which contains a description of the

land traversed. It also contains a description of the drain. We think this is sufficient, and that the point made by plaintiff, that the application to the probate court, in terms, "nowhere makes the order of determination a part of such application," is not well taken.

"7. That no petition was ever filed with the drain commissioner for the establishing of the drain mentioned and described in the order of determination of the commissioner."

This point is covered by the case of *Kinnie v. Bare*, which is a review of former proceedings for the laying of this same drain, reported in 68 Mich. 625. It is no longer necessary that the petition for the drain should contain an accurate description of *termini* and route for the proposed drain. Section 3, chap. 3, of the act of 1885, expressly provides that—

"In locating such drain the commissioner shall not be limited or confined to the precise starting point, route, or terminus set forth in the application."

In this case the drain, as laid, started on the same line as asked for in the petition, but some rods short of the point asked for.

"8. That no notice of the hearing of the appointment of special commissioners has ever been given or served upon all parties interested, as required by law."

The plaintiff claims that the following persons did not have notice of this hearing: Ellen Louise Abel, Sarah L. Abel, Sarah Marshall, James Sheperd, Freland H. Burns, Sarah J. Potter, John Hartell, and Henry Thrall. Of these persons, it appears that Ellen and Sarah Abel, Sarah Marshall, and James Sheperd are interested as mortgagees only; that Freland H. Burns has a leasehold interest of five years' duration, given in 1886. We do not think these persons were entitled to notice, under this statute. Section 6 provides:

"The court shall issue a citation to all persons whose lands are

traversed by such drain, or who will be liable to assessments [assessment] for benefits in the construction thereof."

Section 7 requires:

"Such citation shall be personally served by the commissioner, or some other competent person, upon every person whose lands are traversed by such drain, or who will be liable to assessments for benefits in the construction thereof."

Mortgagees would certainly not come within the description of persons entitled to notice under this provision of the statute, nor does it appear that this lessee had such an interest as would entitle him to notice.

It appears by the return of the commissioner that Sarah J. Potter has released the right of way since the proceedings were taken; that her husband had previously released upon the mistaken supposition that he was the owner of the land; that, when attention was called to the fact that his wife owned it, she executed a release in her own name.

The plaintiff claims that John Hartell was the owner of the S. E. ¼ of the N. W. ¼ of section 23, in that township. To this point the commissioner returns that he was not informed as to whether John Hartell is the owner of such land, but, whether this is true or not, that the drain does not traverse such parcel, nor run within 60 rods of it; that said drain will not, in the judgment of the commissioner, benefit said described land, for the reason that it furnishes no outlet for it. We take this statement in the return as equivalent to a declaration that Hartell, if the owner of the land described, is not liable to assessments for benefits in the construction thereof. Taking this to be true, he was not entitled to notice.

"9. That the citation issued by said court was not served upon all the parties owning land, and interested therein, traversed by said drain, and liable for assessment in the construction thereof, as required by law."

This point is covered by what we have said with reference to the eighth error assigned.

"10. That the hearing of said application for the appointment of three special commissioners was not had within 40 days from the time of filing thereof, as required by law."

The statute does not require the hearing to be had within 40 days. Section 6 provides that the day of hearing "shall be fixed at not less than thirty nor more than forty days" from the time of the commissioner's application, but section 8 provides:

"The court to whom such application is made shall, at the time and place fixed in the citation, or at any time to which it may adjourn, * * * proceed to hear," etc.

"11. That Henry Thrall, being named in said application to the probate court as a party interested, was not served with a citation for the hearing of said application and the appointment of special commissioners upon the day of their appointment."

It appears that in the original order made by the probate court the day of hearing was fixed for November 20, and that Henry Thrall was served with a citation for that day; that on the said 20th of November the hearing was, for cause shown, adjourned to December 6; and complaint is made in plaintiff's brief that Thrall, not being present, had no notice of this adjournment. But it appears that the adjournment was made by public announcement in open court, and no other notice to Thrall of such adjournment was necessary.

The 12th, 13th, 14th, 15th, and 16th assignments of error are within the points covered.

The judgment of the circuit court for Eaton county, confirming the proceedings of the probate court and of the drain commissioner of the the township of Benton in laying out and establishing said drain, is affirmed, with costs.

The other Justices concurred.