JOHN S. GUHMAN, Appellant, v. ISIDORE GROTHE, Trustee, EDWARD H. SHEPPLEY, BEN GUTMAN and CLARA GROB GUTMAN.—142 S. W. (2d) 1.

Division Two, July 3, 1940.*

*NOTE: Opinion filed at September Term, 1939, May 4, 1940; motion for rehearing filed; motion overruled at May Term, 1940, July 3, 1940.

428

*Alva W. Hurt* for appellant.

*Wm. Waye, Jr.,* for respondents.

BOHLING, C.—Plaintiff appeals from a judgment of the Circuit Court of St. Charles County following an order sustaining a motion to dismiss plaintiff's action for want of prosecution. The review proceedings were lodged in the St. Louis Court of Appeals; but that court transferred the cause here on the ground title to real estate was involved. We have experienced some difficulty with appellant's abstract.

The order sustaining respondent Grothe's motion to dismiss, and judgment was entered April 1, 1936. On April 14, 1936, appellant filed a motion to set aside said order, which motion was overruled May 6, 1936. Respondents make the point that since no motion for new trial or motion in the nature of a motion for new trial was filed within the statutory period of four days (Sec. 1005, R. S. 1929, Mo. Stat. Ann., p. 1272), matters of exception are not for appellate review. [Kelso v. Ross Construction Co., 337 Mo. 202, 226 [11], 85 S. W. (2d) 527, 541 [32].] Appellant's reply brief concedes this, but appellant contends the record proper does not support the judgment because appellant's ''second'' amended petition was on file, respondents were in default and appellant was entitled to a default judgment when the order sustaining the motion to dismiss was entered.

Appellant's second amended petition, set out only in the bill of

exceptions, failed to state a cause of action. It charged that "defendants as grantors" caused "a written instrument in the form of warranty deeds" to be recorded, but nowhere alleged any fact upon which a court could render a valid decree "cancelling said deed" and "removing the cloud of the same from plaintiff's title," as prayed. A default judgment against any respondent would have been unenforceable and subject to collateral attack. [Wilson v. Darrow, 223 Mo. 520, 531, 122 S. W. 1077, 1080; Jones v. Bennett Lumber Co., 175 Mo. App. 26, 33, 157 S. W. 864, 867.] In these circumstances, a plaintiff is in no position to take effective advantage of the default of a defendant.

Appellant filed his original petition January 6, 1934. A demurrer to the petition was sustained on February 13, 1934. The second amended petition was filed February 25, 1935. The February, May and October terms, 1935, of court passed. At the February term, 1936, the motion to dismiss for want of prosecution was filed, sustained and judgment entered. The record proper, of course, fails to disclose any indication by appellant upon the consideration of the motion to dismiss of a willingness to prosecute the action.

Possibly another factor, mentioned but not developed in appellant's brief, should receive consideration. The motion to dismiss was filed only on behalf of respondent Grothe. However, we find no showing of record that respondent Grothe was not a necessary party to any determination of appellant's action. If so, appellant, even had he so requested, legally could not have proceeded against the remaining defendants. [Consult Sec. 702, R. S. 1929, Mo. Stat. Ann., p. 913.] Other reasons may exist for reaching the same result on this issue.

Appellant asserts the dismissal may not be sustained since the action had not been called for trial (see Sec. 953, R. S. 1929, Mo. Stat. Ann., p. 1228) or a third petition had not been adjudged insufficient or stricken (see Sec. 796, Ibid.) This review involves a dismissal for failure to prosecute with due diligence, and may be sustained on facts not within the cited statutory provisions. "The power of courts to dismiss a case because of failure to prosecute with due diligence is said to be inherent and independent of any statute or rule of court." [17 Am. Jur., p. 88, n. 19; 18 C. J., p. 1192, nn. 18, 19; Grigsby v. Napa County, 35 Cal. 585, 95 Am. Dec. 213; Sanitary District v. Chapin, 226 Ill. 499, 500, 80 N. E. 1017, 9 Ann. Cas. 113. Consult also Timmons v. Chouteau, 13 Mo. *224, *226; Pitkin v. Flagg, 198 Mo. 646, 651(II), 97 S. W. 162, 163(II); Poncot v. St. Louis, I. M. & S. Ry. Co., 176 Mo. App. 225, 231, 161 S. W. 1190, 1192 [2, 3].]

When consideration is given that the judgment of April 1, 1936, dismissing the action for want of prosecution was not a judgment on the merits, imposed an obligation only for costs, and the action could have been reinstituted without prejudice, appellant's actions—

failing to get respondents in court on a good petition and appealing from the judgment rendered and incurring the expenses incident thereto, et cetera—tend to confirm rather than refute, absent exceptional circumstances, the finding of a want of diligence in prosecuting the action. Appellant directs our attention to no exceptional circumstance in the instant case.

The judgment is affirmed. *Cooley* and *Westhues, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.