GLAYDS L. BINDLEY, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, a Corporation; LEWIS P. CLOTHIER and L. V. MURRAY, Respondents.—No. 40638.—213 S. W. (2d) 387.

Division One, July 12, 1948.

Rehearing Denied, September 13, 1948.

*Paul E. Bindley* and *Martin J. O'Donnell* for appellant.

32

*Roy P. Swanson* and *Blackmar, Newkirk, Eager, Swanson & Midgley* for Metropolitan Life Insurance Company and *P. L. Edwards* for Lewis P. Clothier and L. V. Murray, respondents.

[388] DALTON, C.—Plaintiff has appealed from a judgment of dismissal entered after defendants' motion to dismiss plaintiff's amended petition had been sustained. On March 26, 1947, plaintiff instituted this suit for $10,000 actual and $115,000 punitive damages. The action is based upon an alleged unlawful conspiracy entered into by the insurance company, its agent and its physician, for the alleged purpose of cheating and defrauding the plaintiff by depriving her of her property and rights, towit, a cause of action for the wrongful death of her husband and a right to recover penalty and attorney fees on account of the insurance company's vexatious refusal to pay to plaintiff-beneficiary the amount due on a double indemnity (in case

of accidental death) policy of life insurance, which had been issued to plaintiff's husband. It is alleged that plaintiff's husband died on August 26, 1939, as the result of the negligent and unexpected administration by named physician of an excessive amount of ether; that plaintiff had a cause of action against the physician for the wrongful death of her husband and a cause of action against the insurance company under the policy and, subsequently, a right to recovery from the insurance company a penalty and attorney fees for vexatious refusal to pay; and that plaintiff was deprived of her property and rights as to these matters by fraudulent misrepresentation and concealment of defendants pursuant to the unlawful conspiracy.

Plaintiff further alleged that the action was theretofore filed on January 6, 1943; that on November 24, 1945, while same was pending in said court, the court ordered the cause put on the 'Hold Docket'; that said cause was so placed and was never thereafter placed on the trial docket; and that while said cause was so pending on said 'Hold Docket', the court, on April 1, 1946, ordered and adjudged that the same be dismissed for want of prosecution and that defendants have and recover of plaintiff their costs. Plaintiff also alleged "that said order placing said cause on the Hold Docket was made because witnesses in the case were in the armed forces, and is still in force. That said court was without jurisdiction, for said reason, to make and enter the order made on April 1, 1946. That plaintiff was never notified of said order by the court or defendant, and that one of defendants' counsel, on or about March 20, 1947, informed plaintiff's counsel that said order had been made."

Defendants' motion to dismiss the present action was based on two grounds: (1) that "the petition shows on its face that the alleged cause of action is barred by the Statutes of Limitations"; and (2) that "the petition shows on its face that the cause of action alleged therein has been adjudicated upon its merits pursuant to Section 101 of the Laws of Missouri for 1943." It will be noted that the motion to dismiss the present action was directed solely to the allegations appearing on the face of the amended petition. No evidence was heard and the motion was sustained and judgment of dismissal was entered.

In sustaining defendants' motion to dismiss, the trial court relied upon Section 101 of the Civil Code, Laws 1943, page 385; and Hannibal v. St. Louis Public Service Company (Mo. App.), 200 S. W. (2d) 568. The court held that, since the original cause was dismissed "without an order stating that the dismissal was without prejudice," the court's "order for dismissal did not otherwise specify," as required by Section 101, supra; and, therefore, that the dismissal was with prejudice and conclusive on the merits.

The Civil Code, Laws 1943, p. 357, Sec. 2, provides that, "This code . . . shall govern the procedure . . . [389] in all suits and proceedings of a civil nature . . . unless otherwise provided by law."

Section 100, Laws Mo. 1943, p. 385, provides: "For failure of the plaintiff to prosecute or to comply with this code or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . ."

Section 101, Laws Mo. 1943, p. 385, provides: "A dismissal without prejudice permits the party to bring another action for the same cause, unless the action is otherwise barred. A dismissal with prejudice operates as an adjudication upon the merits. Any voluntary dismissal other than one which the party is entitled to take without prejudice, and any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify."

Appellant contends that Section 1026, R. S. 1939, which authorizes the plaintiff to commence a new action within one year after suffering a non-suit, was not repealed by the new Code of Civil Procedure, Laws 1943, p. 353; that dismissal for failure to prosecute an action is a non-suit within the meaning of Section 1026, supra (Scanlon v. Kansas City, 325 Mo. 125, 28 S. W. (2d) 84; Meddis v. Wilson, 175 Mo. 126, 74 S. W. 984; Wetmore v. Crouch, 188 Mo. 647, 654, 87 S. W. 954; State ex rel. Union Electric Light & Power Co. v. Sevier, 339 Mo. 732, 737, 98 S. W. (2d) 980); that the phrase "dismissed for want of prosecution," as used in the order, has always meant, and still means, "dismissed without prejudice"; and that the record of dismissal of the original suit by the use of said words shows a specification of dismissal without prejudice within the meaning of the words "shall otherwise specify" appearing in Section 101, supra.

Respondents' brief states that Rule 14 of the Rules of the Circuit Court of Jackson county, in force at the time this case was dismissed, provided: "Any case on the active trial list which is not ready for trial for any reason other than engaged counsel, as defined above, will be by the Presiding Judge taken off of the active trial list and placed on the Hold Docket unless continued for statutory grounds, in which event it shall be returned to the general docket. . . . Any case on the Hold Docket undisposed of for a period of 120 days shall on the next day be dismissed by the Court."

Respondents say that the original cause "was dismissed by the court of its own motion for want of prosecution on April 1, 1946, pursuant to Circuit Court Rule No. 14." Respondents further say that the "plaintiff . . . left the case on the Hold Docket for more than 120 days thereby making it mandatory on the court to dismiss

the case. . . . The court had no alternative, but to dismiss the case."

No such rule was referred to in the amended petition and it does not appear in the record, but by letter, dated May 18, 1948, appellant advises "that, if the court has power to do so, it may consider that that rule was in force, at the time mentioned in respondents' brief, in the Circuit Court of Jackson county."

This court cannot take judicial notice of the rules of the Circuit Court of Jackson county (State ex rel. Clinton Const. Co. v. Johnson (Mo. Sup.), 272 S. W. 928, 929) and it appears that the appellant, in her amended petition in this cause, did not plead that her prior action was dismissed by the court by reason of Rule No. 14 of the Circuit Court of Jackson County, nor did she plead such rule, however, she did plead certain facts concerning the dismissal and that she did not learn of the April 1, 1946 dismissal until March 20, 1947. In printing Rule No. 14 in their brief and in stating that appellant's original action was dismissed by the circuit court pursuant to said rule, the respondents intended that this court should act upon said statement. Appellant also consents. Accordingly, we will act upon the admission of counsel and consider the admitted fact that the original cause was dismissed pursuant to Circuit Court Rule No. 14. Emerson v. Mound City (Mo. Sup.), 26 S. W. (2d) 766.

Respondents construe the amended petition to state that the original cause was "dismissed by the court of its own motion for want of prosecution." Respondents [390] say that the dismissal was proper and that, since the judgment has not been appealed from, or set aside, it is a final judgment, conclusive and binding on the parties and res adjudicata of the merits of the cause. Respondents further point out that the present action is not a direct proceeding to attack the prior judgment for fraud, accident, inadvertence or mistake in the inception of the judgment (Sutter v. Easterly, 354 Mo. 282, 189 S. W. (2d) 284; Cherry v. Wertheim (Mo. App.), 25 S. W. (2d) 118); and that, while relying on the judgment to toll the statute of limitations, appellant attempts to attack the judgment collaterally and annul its force and effect.

The petition shows on its face that the original cause was pending in the Circuit Court when the order and judgment of dismissal was entered. No lack of jurisdiction over the parties or the subject matter of the cause of action appears from the allegations of the amended petition. Accordingly, in this proceeding, the allegation that the "court was without jurisdiction" to enter the judgment must be disregarded as the judgment of dismissal is not subject to collateral attack. Beil v. Gaertner, 355 Mo. 617, 197 S. W. (2d) 611, 613; Bushman v. Bushman, 311 Mo. 551, 279 S. W. 122, 129; Davis v. Morgan Foundry Co., 224 Mo. App. 162, 23 S. W. (2d) 231, 233. The judgment rendered was regular on its face and the presumption

that it was a regular valid and proper judgment obtains, however, on its face the judgment only purports to be a judgment of dismissal for want of prosecution, which the court has always construed to be a judgment of non-suit permitting a subsequent action. The essential question presented does not concern the validity of the judgment as entered, but rather its effect upon the present action. The trial court, on the basis of Section 101, supra, has held that the judgment of dismissal is conclusive on the merits of the cause and bars the new action, which was instituted within one year.

In Wetmore v. Crouch, supra, 188 Mo. 647, 654, 87 S. W. 954 (referring to what is now Sec. 1026, supra) the court said: ''It has practically been held that the word 'non-suit' in the section involved means any judgment of discontinuance or dismissal whereby the merits are left untouched, thus discarding all technical niceties in the gloss of the word.'' It is apparent, therefore, that Sec. 1026, supra, does not aid appellant, since the question remains as to whether or not the judgment dismissing the original suit for want of prosecution (under the present Code of Civil Procedure) left the merits of the cause untouched.

In Jones v. Williams, 357 Mo. 531, 209 S. W. (2d) 907, 911, it was held that an order dismissing a petition on motion because no cause of action was stated was a dismissal with prejudice and res adjudicata on the merits. In effect it was held the reference in the order of dismissal to the ground mentioned and other grounds did not ''otherwise specify''; and that such a specification would not permit the filing of an amended petition. The dismissal under the facts there shown was held to be conclusive on the merits. That case, however, is based upon the fact that Sec. 925 R. S. 1939 (giving the right to file an amended petition) and Sec. 948 R. S. 1939 (directing a final judgment if a third petition was held insufficient on demurrer) had been repealed and the matter of further proceedings, after a petition was adjudged insufficient, was governed by the New Code, Sec. 101, supra.

In the case of Hannibal v. St. Louis Public Service Co., supra, appellant's original suit was filed May 15, 1944 and was set for trial February 25, 1945. On that date it was called for trial, but plaintiff failed to appear to prosecute the cause and it was dismissed at plaintiff's cost for failure to prosecute. Ten months later plaintiff filed the second suit on the same cause between the same parties and it was dismissed on the ground that the dismissal of the first case was with prejudice and operated as an adjudication of the merits of the cause in view of Sec. 101. The St. Louis Court of Appeals affirmed the judgment

Appellant's amended petition in this cause sufficiently pleaded the facts to show that the dismissal of the original cause for want of prosecution was not a dismissal on motion, [391] after notice and the

opportunity for a hearing, and respondent, in effect, so concedes, since respondents say the dismissal was pursuant to Circuit Court Rule No. 14, because of the lapse of 120 days.

In this case it must be conceded that in truth and in fact there was no adjudication upon the merits of the original cause; no motion to dismiss for cause was heard or ruled; the cause was not set for hearing before the court for any purpose; the plaintiff in the cause was not in default for failure to appear on the day the order was entered; and, so far as appears from the record, none of the parties were present in court at the time of dismissal. The order was general and stated: "It is ordered and adjudged . . . that the following numbered and entitled causes be and the same are hereby dismissed for want of prosecution." The order was followed by the names of the cases to which it applied. It is admitted that the court acted on its own motion and entered the judgment of dismissal for want of prosecution pursuant to Circuit Court Rule 14, after the lapse of 120 days referred to in the rule.

We do not question the inherent power of the court to dismiss a cause, on its own motion, for want of prosecution, but such a dismissal is not expressly provided for in the Code of Civil Procedure and the question is: Does the Code of Civil Procedure, and particularly Sec. 101, supra, require or permit a holding that the dismissal of the original cause, under the facts shown, was with prejudice and operated as an adjudication of the merits of the cause?

Reading and considering the Code of Civil Procedure, Laws 1943, p. 353, as a whole, it is clear that it was intended to promote the orderly administration of justice and the just, speedy and inexpensive determination of every action. Notice and a hearing, or an opportunity to be heard, have long been considered essential to due process, to a decision on the merits of a cause and to the deprivation of rights and property. The Code of Civil Procedure was not intended to conflict therewith. Section 61 of the Code, Laws 1943, p. 374 provides that certain matters, such as lack of jurisdiction over the subject matter or over the person, improper venue and other matters, may be raised by motion whether or not they appear from the pleadings and other papers filed in the cause and Sec. 100, supra, provides that a defendant may move to dismiss for failure of the plaintiff to prosecute the action. Such motions require notice and a hearing or an opportunity to be heard, where the party is not in default for failure to appear. Section 5, Laws 1943, p. 357.

We are not here concerned with the matter of a valid dismissal for want of prosecution pursuant to Circuit Court Rule No. 14, but we are concerned solely with whether the dismissal for want of prosecution, under the pleaded and admitted facts, operated as an adjudication of the merits of the cause. We must hold that it did not. The "involuntary dismissal" referred to in Section 101, supra, which

shall be "with prejudice, unless the court in its order for dismissal shall otherwise specify" necessarily means an "involuntary dismissal" *with notice and an opportunity to be heard,* and not a mere termination of the action by the court in the absence of the parties pursuant to some local court rule. This holding does not necessarily require a motion by defendant under Sec. 100, Laws 1943, p. 385, where the parties are before the court, or where plaintiff is in default for failure to appear for trial on the particular day. Otherwise, it does require a showing of notice to the plaintiff or his counsel of the proposed court action and an opportunity to be heard thereon before such dismissal for failure to prosecute shall be with prejudice and operate as an adjudication of the merits of the cause, even though the order of dismissal fails to state that the dismissal is without prejudice.

In the case of Hannibal v. St. Louis Public Service Co., it appears from the opinion that the original case had been set for trial. Whether by agreement or on notice does not appear, but we must assume that plaintiff was bound by the setting for trial. Plaintiff failed to appear to prosecute the cause. Whether the court acted on its own motion or upon a motion presented by defendant in dismissing the cause does not [392] appear. In any event the cause was set for trial and disposition on the day upon which the order was entered. Plaintiff (appellant) knew or should have known that some disposition would be made of the cause on that date. The St. Louis Court of Appeals ruled that the judgment, which did not "otherwise specify," was with prejudice and operated as an adjudication on the merits of the cause. The admitted facts are very different here.

Respondents further urge that "plaintiff's cause is barred by 'Limitations,' Sec. 1014 R. S. 1939" (the five year statute) ; and that the trial court properly sustained defendants' motion to dismiss under point 1 of the motion. The questioned part of the amended petition is as follows: "That plaintiff herein did not discover that said fraud was perpetrated upon her until more than one year after August 26, 1939, after the lapse of which time the right of action in favor of plaintiff against said doctor was barred by lapse of time. That thereafter said plaintiff discovered that the death of the plaintiff's husband was caused by the negligent and, as to deceased within the meaning of said policy, accidental administration of an excessive dose of ether, and that plaintiff's husband lost his life as a direct result of external, violent and accidental means within the meaning of said policy, . . . ."

Respondents say: "It was incumbent on plaintiff to affirmatively plead in her petition that the alleged fraud did not become known to her within five years previous to the date of the filing of her said petition, this she did not do, and, therefore, the action is barred by Sec. 1014, supra." The argument is apparently based upon the theory

that there had been no prior suit tolling the statute of limitations. The amended petition alleged that plaintiff's husband died August 26, 1939. The alleged representations and fraud occurred thereafter and were not discovered within one year after August 26, 1939. Appellant's first suit was instituted January 6, 1943. It was dismissed April 1, 1946 and the present suit was instituted March 26, 1947. The action was not barred by Sec. 1014, supra, regardless of the allegation of failure to discover the fraud. Sec. 1026 R. S. 1939. The allegations of the amended petition, set out supra, deal with the matter of loss and damage rather than the matter of tolling the statute of limitations.

The judgment should be reversed and the cause remanded. It is so ordered. *Bradley* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.