**Georgia SNYDER, Plaintiff-Respondent,**

**v.**

**W. L. CHRISTIE, Defendant-Appellant.**

**No. 7320.**

Springfield Court of Appeals.

Missouri.

Oct. 21, 1954.

Wm. Duke Hiett, Houston, Tom A. Shockley, Waynesville, for appellant.

Green & Green, West Plains, for respondent.

McDOWELL, Presiding Judge.

This appeal is from a judgment of the trial court sustaining a motion to reinstate plaintiff's cause of action.

The evidence, necessary for an understanding of the issues involved, is as follows:

Plaintiff filed an action for damages against defendant for personal injuries alleged to have been caused by the negligence of the defendant in permitting a cow to injure plaintiff while attending a public sale on defendant's farm. The suit was filed November 14, 1950, in Texas County, and transferred by change of venue to Pulaski County.

On September 22, 1952, defendant filed an answer to the petition. October 10, 1952, an amended petition was filed by plaintiff without leave of court. To this amended petition defendant filed a motion to dismiss which motion was pending at the time of the dismissal of plaintiff's petition.

On September 7, 1953, the first day of the September Term of the Pulaski County Circuit Court, the court on its own motion, made the following order: "Cause dismissed for want of prosecution."

On October 24, 1953, more than thirty days following the court's order dismissing plaintiff's petition, plaintiff filed a motion to reinstate her cause of action, alleging, among other things, that plaintiff received no notice of the court's action in dismissing her petition and had no opportunity to be present and heard on the matter as required by law. This motion was by the court taken up on November 23, 1953, and, after hearing, was, by the court, sustained. The defendant appealed from this judgment.

The admitted facts show that plaintiff's cause of action was dismissed by the court for want of prosecution; that no notice of the intended action of the court had been given to plaintiff or plaintiff's attorneys; that at the time of the entering of the judgment of dismissal the action had not been set for trial and the plaintiff was not in default.

In passing upon the issues involved herein we will refer to the respondent as plaintiff and to appellant as defendant, being the position they occupied in the lower court.

It is defendant's first contention that the trial court was without power to enter the judgment reinstating plaintiff's cause of action for the reason that said order and judgment was made more than thirty days after final judgment of dismissal.

In Limpus v. New York Life Ins. Co., Mo.App., 226 S.W.2d 97, 98, the court made the following declaration of law:

"The trial court has inherent power to dismiss a cause for failure to prosecute with diligence. Guhman v. Grothe, 346 Mo. 427, 142 S.W.2d 1; * * *. If the order was one of dismissal the trial court was without power to reinstate the cause in 1944, or to make any order touching it. State ex rel. Conant v. Trimble, 311 Mo. 128, loc. cit. 144, 277 S.W. 916."

In Guhman v. Grothe, 346 Mo. 427, 142 S.W.2d 1, 2, the following law is stated:

"* * * This review involves a dismissal for failure to prosecute with due diligence, and may be sustained on facts not within the cited statutory provisions. 'The power of courts to dismiss a case because of failure to prosecute with due diligence is said to be inherent and independant of any statute or rule of court.' 17 Am. Jur., p. 88, n 19; 18 C.J., p. 1192, nn 18, 19; * * *."

In Crispin v. St. Louis Public Service Co., 361 Mo. 866, 237 S.W.2d 153, 155, the law is stated:

"In Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 213 S.W.2d 387, 390, we held that a dismissal on the Court's own motion, without motion of the other party and notice, did not operate as an adjudication of the merits of the cause, but that 'The "involuntary dismissal" referred to in Section 101 [Section 510.150 RSMo 1949, V.A.M.S.], supra, which shall be "with prejudice unless the court in its order for dismissal shall otherwise specify" necessarily means an "involuntary dismissal" with notice and an opportunity to be heard, and not a mere termination of the action by the court in the absence of the parties pursuant to some local court rule.' We pointed out

that Sec. 100 [Section 510.140 RSMo 1949, V.A.M.S.] 'provides that a defendant may move to dismiss for failure of the plaintiff to prosecute' and that 'Such motions require notice and a hearing or an opportunity to be heard, where the party is not in default for failure to appear.' Sec. 100 also provides that a defendant may move to dismiss for failure of plaintiff to comply with any order of court, which would include an order to give security for costs. Therefore, following the rule of the Bindley case, we must hold that the dismissal here on the Court's own motion, without motion of defendant or notice that the court would act or be requested to act to dismiss the case for that reason, is not a dismissal with prejudice.

"We think this is a reasonable construction of Secs. 100 and 101 construed together, as to involuntary dismissals, and that a motion with notice is contemplated by the Code to make an involuntary dismissal an adjudication of the merits. The Court's authority to dismiss on its own motion does not come from the Code but is inherent; the only question is as to its effect. These provisions of our new Code are more drastic than our former procedure but this is in keeping with its purpose to prevent undue delay and to make prompt disposition of cases. Nevertheless, to prevent injustice, it is important for the plaintiff to have an opportunity to present his claim to have an involuntary dismissal ordered without prejudice. The Code makes this discretionary with the Court and where it appears that plaintiff could not have a case or has abandoned it for a long period of time or is not acting in good faith and only seeks to harass the defendant, it could properly be denied. * * * Of course, as stated in the Bindley case, when the case is definitely set for trial and the plaintiff makes default by failure to appear, as in Hannibal v. St Louis Public Service Co., Mo.App., 200 S.W.2d 568, he already has notice that some action must be taken and nothing more is required. Therefore, our conclusion is that a dismissal on the Court's own motion without a motion of the defendant and notice thereof, or without notice and opportunity to be heard on the question of whether the dismissal should be without prejudice, is not with prejudice and does not constitute an adjudication on the merits; and it will not prevent filing a new action within one year under Sec. 537.100 or Sec. 516.230, R.S.1949 [V.A.M.S.]."

In Healer v. Kansas City Public Service Co., Mo.Sup., 251 S.W.2d 66, the trial court dismissed the causes of action because the plaintiff failed to comply with an order of the court requiring her to sign certain depositions. On page 67 of the opinion the court states:

"On September 21, plaintiff's motion to set aside was sustained in each case 'and said cause was by the Court returned to the general docket.' The judgments of dismissal, while not specifying that the dismissals were without prejudice, amounted to dismissals without prejudice. This, because the record shows that these involuntary dismissals were entered without notice and opportunity to be heard. The motion to dismiss authorized by Section 510.140 RSMo 1949, V.A.M.S., is a motion which, together with notice of time of hearing thereof, must be served as provided in Section 506.-060, subd. 4. Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 37, 213 S.W.2d 387, 391; Crispin v. St. Louis Public Service Co., 361 Mo. 866, 237 S.W.2d 153, 154, 155. * * *

" * * * It is apparent that unless the judgment of dismissal on the face of the record was void, or unless plaintiff's motion to set aside could have been considered as a motion pursuant to the provisions of Section 511.250 or as a writ of error coram nobis, the trial court was without jurisdiction to set aside its judgment of dismissal. This is because, subsequent to the court's judgment of dismissal, no timely motion for new trial was filed and more than 30 days elapsed between the judgment of dismissal (July 17) and the action of the court in setting aside the judgment of dismissal on September 21. Section 510.370; Supreme Court Rule 3.25 [42 V.A.M.S.]; Wooten v. Friedberg, 355 Mo. 756, 763 (2), 198 S.W.2d 1, 5 (2)."

Under the new Civil Code the trial court has no power or authority to change or modify a judgment after thirty days has elapsed since entry of the judgment. State ex rel. Templeton v. Seehorn, Mo.App., 208 S.W.2d 789; Rozell v. Rozell, Mo.App., 229 S.W.2d 700; Jaeger v. Agnew, Mo. App., 252 S.W.2d, 847, 849.

In the last cited case the court stated the law:

"* * * The entry was not made within the thirty day period of the trial court's control over the judgment, Sec. 510.370, nor intended to be of the court's own initiative, as disclosed from the specific references to the motions. * * *"

We think the law is well settled in the authorities herein set out that the trial court had inherent power to dismiss plaintiff's cause of action and we hold that under the facts in the case at bar the action of the trial court was not void. The action of the trial court in dismissing plaintiff's cause of action for want of prosecution was not a judgment on the merits, and does not constitute a dismissal with prejudice which would prevent plaintiff from refiling her cause of action. Limpus v. New York Life Ins. Co., supra, and authorities cited therein. Healer v. Kansas City Public Service Co., supra; Bindley v. Metropolitan Life Ins. Co., supra.

We hold defendant's first assignment of error is well taken.

We, likewise, find there is no merit in plaintiff's contention that her motion to reinstate was one in the nature of a writ of coram nobis.

An examination of the motion to reinstate plaintiff's cause of action clearly shows that it was plaintiff's contention that the trial court's order of dismissal was not lawfully made, and, therefore, void. The motion specifically states that the trial court dismissed plaintiff's cause without notice served upon plaintiff or other information brought to the knowledge of plaintiff or her attorneys. The motion then states that by reason of the provisions of Sections 506.060 and 510.140 RSMo 1949, V.A.M.S., it was necessary, before plaintiff's cause of action could be dismissed for failure to prosecute, that notice be served on plaintiff or her attorney of the motion to dismiss and the time of hearing thereon. The motion then states that because plaintiff's cause of action was dismissed without notice she was deprived of the opportunity to be heard prior to the time such cause was dismissed, citing Healer v. Kansas City Public Service Co., supra; Bindley v. Metropolitan Life Ins. Co., supra; and Crispin v. St. Louis Public Service Co., supra.

We have quoted from these cases in our discussion of the defendant's first contention in this opinion. In the Healer case the order of dismissal was void. This case held that a dismissal authorized by Section 510.140 RSMo 1949, V.A.M.S., required notice of the time and hearing of the motion therefor as required by Section 506.060, subd. 4 RSMo 1949, V.A.M.S., and cited Bindley v. Metropolitan Life Insurance Co., supra, and Crispin v. St. Louis Public Service Co., supra, as authorities for such holdings. These cases properly declare the law where the dismissal is under the sections of the statute cited. In the case at bar the court's judgment of dismissal for want of prosecution was not by virtue of statute but by the court's inherent power. As stated in our opinion herein, a dismissal by the trial court for want of prosecution is not a judgment on the merits and, therefore, not a bar to another action.

It was held in Crabtree v. Aetna Life Ins. Co., 341 Mo. 1173, 111 S.W.2d 103, 106, that a motion in the nature of a writ of error coram nobis contemplates an assault upon an error of fact dehors the record; citing a number of authorities. The irregularities or errors of fact must be such as would have prevented, if known, the rendition and entry of the judgment challenged, and are to be distinguished from ordinary judicial errors in a judgment reached in accord with established rules of procedure.

Plaintiff offered evidence on her motion to reinstate but the evidence offered supported the allegations of the motion which established the fact that no notice was given plaintiff or her attorneys of the time and place of hearing before the court dismissed plaintiff's cause of action. It did not tend to establish irregularities showing a want of adherence to some prescribed rule or mode of proceeding on the part of the trial court, showing that the court omitted to do something that was necessary for the due and orderly conducting of plaintiff's suit or that it acted in an unreasonable time or improper manner.

We think there is no merit in this contention of plaintiff.

Judgment reversed with directions that the order reinstating plaintiff's cause be set aside.

STONE, J., concurs.