Bryan DOUGHTY, Appellant,

v.

TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a corporation, and Gulf, Mobile & Ohio Railroad Company, a corporation, Respondents.

No. 44964.

Supreme Court of Missouri.

Division No. 2.

June 11, 1956.

Robert W. Henry and John J. Cole, St. Louis, for appellant.

Thompson, Mitchell, Thompson & Douglas, Edmonstone F. Thompson, Richard P. Conerly, St. Louis, for respondent, Gulf, Mobile & Ohio Railroad Company.

Warner Fuller, John P. Montrey, St. Louis, for respondent, Terminal Railroad Association of St. Louis.

EAGER, Presiding Judge.

The appeal here is from a refusal to vacate, on motion, an order dismissing with prejudice appellant's suit for personal injuries. The case is here on an agreed statement of facts. The suit was originally filed by appellant on July 21, 1952, against defendants Terminal Railroad Association of St. Louis and Gulf, Mobile and Ohio Railroad Company; the appellant, whom we shall designate as plaintiff, was an employee of the Pullman Company. Answers were filed, and prior to the events now related, the case had been regularly set for trial three times. On October 29, 1953, plaintiff's counsel withdrew and notified plaintiff by letter that he had done so by leave of court, that the case had been set for trial on December 7, 1953, and that it would then be dismissed if he did not have an attorney; on December 9, 1953, the case not having been dismissed, new counsel entered his appearance on behalf of plaintiff, and the cause was "reinstated on the trial docket for Monday, March 29, 1954." On January 13, 1954, the new counsel withdrew by leave of court. On March 11, 1954, the case was

regularly included in the "call of jury cases" published in the St. Louis Daily Record for trial on March 29, 1954. On that day, March 29, 1954, the trial docket was called in Division One of the Circuit Court of the City of St. Louis, and there was no response; thereupon the case was "passed until Thursday," April 1, 1954. There was no further notice or publication; other cases on the trial docket were called on Tuesday and Wednesday, March 30 and 31, and on the bottom of the Wednesday docket sheet this case appeared, with the notation: "pass to Thursday." On Thursday, April 1, 1954, the case was again called and there was no response. Thereupon the following order was entered: "It is ordered by the Court that this cause be assigned to Division No. 1. Now at this day this cause being called for hearing on a pre-emptory call, and the plaintiff although being duly called, comes not, it is ordered by the Court that the plaintiff's cause of action be dismissed, with prejudice, and the plaintiff pay the costs of this suit, and that execution issue therefor." On February 24, 1955, nearly eleven months later and through new counsel, plaintiff filed his motion to set aside and vacate the judgment under Section 511.250 RSMo 1949, V.A.M.S. Therein he recited certain of the foregoing facts, and alleged that no notice was given "of the setting" for April 1, 1954, or of the dismissal, that he had no opportunity to be heard "in regard to such dismissal," that the dismissal with prejudice was made in violation of the rules of the circuit court and certain sections of our statutes, that he had no knowledge thereof for several months, that he was seeking counsel, and that he believed he had a meritorious cause. Certain rules of the circuit court appear in the agreed statement, which, briefly digested, provide in substance as follows: Rule 3–E. One day's written notice shall be required for the hearing by the presiding judge of all applications and motions. Rule 4–A. Civil causes shall be originally assigned to Div. 1, and thereafter assigned by it to the various Divisions; E. The Clerk of Div. 1 shall arrange trial settings of all jury cases on the trial calendar; F. The trial calendar of jury cases shall be called in Div. 1 on the day set and where the parties are ready the cases shall be assigned in a stated manner to the various divisions, continuing thus during the week; G. Reasonable notice of all settings for trial shall be made by entry in the trial calendar, and by publication in the St. Louis Daily Record; Q—The Presiding Judge may, when he deems it advisable, and shall during the first week in September of each year, upon 10 days' published notice, call such pending cases as he may select, and which may, in his discretion, be continued or dismissed; and the failure to respond at such call shall be ground for dismissal.

On April 13, 1955, plaintiff's motion to vacate was overruled, as was also an oral request for transfer to the Equity Division; the latter point is not briefed here and we may disregard it. The statutory references in plaintiff's motion are not urged here, and, moreover, do not seem material to the issue. Plaintiff's sole point is that he was not given any notice of a setting or hearing for April 1, 1954, and that he was thereby deprived of all opportunity to be heard, particularly as to the manner of the dismissal. As a procedural matter, counsel for plaintiff insist that the motion to vacate under § 511.250 aforesaid, should not only be held sufficient to reach irregularities apparent on the face of the record, but that it should be considered also as a motion in the nature of a writ of error coram nobis which would reach and remedy errors of fact dehors the record; they recognize that the facts referred to must be such as would, if known, have prevented the rendition of the judgment, and are thus to be distinguished from "ordinary judicial errors in a judgment reached in accord with established rules of civil procedure." Murray v. United Zinc Smelting Corp., Mo., 263 S.W.2d 351, 354; Crabtree v. Aetna Life Ins. Co., 341 Mo. 1173, 111 S.W.2d 103, 106; Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132. Under the authorities it may be doubted whether the present motion should be so broadly considered, for the facts now urged would certainly not seem to have been "unknown to the court", Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132, loc. cit. 141; but, in the view we take of the

case, the point need not be decided. We rule that on the merits and regardless of the procedural aspects, the court did not err in overruling the motion.

Plaintiff's counsel rely principally on the cases of Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 213 S.W.2d 387, and Crispin v. St. Louis Public Service Co., 361 Mo. 866, 237 S.W.2d 153. In the Bindley case the cause had been placed upon a "hold" docket where, under the court rules, it might remain inactive for a period not exceeding 120 days; thereafter, it was subject to dismissal for want of prosecution. After the expiration of 120 days the court dismissed the case "for want of prosecution." Defendant contended that under Section 510.150 RSMo 1949, V.A.M.S., the dismissal was with prejudice, the contrary not being expressed. This court held: that, in conformity with the requirements of due process, there must be notice and an opportunity to be heard before a dismissal with prejudice may be entered; that since there had been no notice there, the dismissal must be held to be one without prejudice. It seems clear that the court recognized there the validity and propriety of a dismissal with prejudice upon default or failure to appear at a trial setting, or after any other legal form of notice. In the Crispin case, supra, this court again held that a dismissal by the court, without motion or notice, did not operate with prejudice; but again the court recognized that when a party defaults on a trial setting he has had the requisite notice, and a final adjudication may be entered. And see also Hannibal v. St. Louis Public Service Co., Mo.App., 200 S.W.2d 568. All the cases recognize generally, as do counsel for plaintiff here, an inherent right in the courts to dismiss causes for failure to prosecute.

Plaintiff's counsel also concede in their brief that plaintiff had legal notice "that his case was set for trial on March 29, 1954," because the case had been put on the trial calendar for that date and publication made; they do not admit actual notice, but that is immaterial. When plaintiff's second counsel entered his appearance on December 9, 1953, an order was then made reinstating the case on the trial docket for March 29, 1954; this constituted immediate notice to plaintiff through his counsel. See Priddy v. Mackenzie, 205 Mo. 181, 103 S.W. 968; Hedrick v. Beeler, 110 Mo. 91, 19 S.W. 492. And we may fairly assume that the subsequent withdrawal of counsel by leave of court on January 13, 1954, was accompanied by the usual incidents of such a withdrawal, including notice to plaintiff, and at a time approximately two and one-half months before the dismissal.

With legal notice of the setting for March 29, 1954, both proven and conceded, plaintiff could certainly not have complained of a dismissal on that day upon his non-appearance; we hold that he was legally charged with notice of what then occurred, including the "passing" of the case until Thursday, April 1. In fact, that simply allowed him three more days of grace, for which he should have no complaint. We are not impressed with the argument that plaintiff, without counsel, might have read the Daily Record on the morning of March 30, and seeing nothing noted there, may have assumed that the case had been continued generally. It would seem wholly impracticable to give notices, personal or by publication, of all the day-to-day delays and changes in the handling of a voluminous weekly trial docket, and we do not think that either the court rules or the requirements of due process require such. Parties and counsel who are in fact awaiting trial must certainly follow the docket day by day, if indeed not more frequently, and beginning with the original trial setting. If plaintiff had appeared upon his legal notice for March 29, he would have been fully advised. The "passing" of the case was an act done in open court, and after full notice that an appearance was mandatory. There is no contention that plaintiff, or anyone on his behalf, appeared in court at any time during the week in question. If he had appeared on Monday and the case had, in his presence, been passed until Thursday, he would have no complaint under his own argument, for he would have had notice. We fail to

see, as counsel suggest, why he should be rewarded for not appearing on Monday, at the trial setting of which he admits notice. We hold that by means of the legal notice afforded to him of the trial setting for March 29, 1954, he was charged with notice of what then occurred, and that thereby he had sufficient notice and an opportunity to be heard at the time of the dismissal. We have not found, and have not been advised of, any Missouri authority upon this precise point. In principle, the following authorities from other states are applicable: In re Bell's Estate, 58 Cal.App.2d 333, 136 P.2d 804; In re Warner's Estate, 98 Vt. 254, 127 A. 362; Kinnie v. Bare, 80 Mich. 345, 45 N.W. 345. The principle seems clear enough to require no further citation.

■ Counsel also argue that the court should have placed the case on a dismissal docket under the provisions of Rule 4, Q, giving the required publication. The provisions of that rule seem to be purely permissive, not mandatory; certain they are permissive in so far as any individual case is concerned; and they could not be construed so as to prohibit dismissals at other proper times and by other proper procedures, including a dismissal at or after a proper trial setting.

■ Trial courts have much discretion in acting upon motions, promptly filed, to vacate orders of dismissal; and occasionally a situation may be presented which impels an appellate court to reverse a ruling refusing to set aside a dismissal, as was recently done in an able opinion in the case of Levee Dist. No. 4 of Dunklin Co. v. Small, Mo.App., 281 S.W.2d 614. But the situation there was wholly different from the one in the present case, as even a casual reading of the opinion will indicate. Ordinarily this court should not interfere in the orderly administration and disposition of the trial dockets of the circuit courts, so long as the legal requirements of notice are fulfilled. We hold that these were complied with here, and that the trial court did not abuse its discretion. The order and judgment will be affirmed. It is so ordered.

All concur.