**Sam ARKY (Plaintiff), Appellant,**

v.

**ST. LOUIS COUNTY PRODUCERS' MARKET COMPANY, a Corporation, Martin H. Kieffer, W. B. Due, and Martin J. Tozer, Sheriff of the City of St. Louis, Missouri (Defendants), Respondents.**

No. 29914.

St. Louis Court of Appeals.

Missouri.

April 1, 1958.

Motion for Rehearing or for Transfer to Supreme Court Denied May 2, 1958.

Champ C. Stonebraker, St. Louis, for appellant.

Dunbar & Gaddy, Robert J. Gaddy, William M. Van Cleve, St. Louis, for respondents St. Louis County Producers' Market Co., Martin H. Kieffer and W. B. Due.

WOLFE, Commissioner,

This is a suit to enjoin the enforcement of a judgment for possession granted in an unlawful detainer action. The judgment was in favor of the St. Louis County Producers' Market Company, which owned a market place of stalls. Sam Arky occupied one of the stalls. The injunction suit here under consideration was called for trial and the defendants announced ready. The attorney for Sam Arky announced that he was not ready and the

court, upon oral motion of the defendants, dismissed the cause with prejudice at the plaintiff's cost. The plaintiff has appealed.

The transcript before us shows that the original petition to enjoin the enforcement of the judgment for possession was filed on April 15, 1955. The defendants moved to dismiss this petition on the ground that it failed to state a cause of action. This motion was sustained on October 25, 1955. On December 8, 1955, Sam Arky filed an amended petition and the defendants later answered. The cause was at issue on June 11, 1956. On November 30, 1956, Sam Arky filed an application for an order to inspect the books of the corporate defendant, and this was denied on January 18, 1957. On May 7, 1957, the case was set for trial. As to what occurred on that date the transcript recites the following:

"Now at this day this cause coming on for hearing, come the parties hereto by their respective attorneys; thereupon, said defendants, by attorney, announce that they are ready for trial, and plaintiff's attorney announces that he is not ready for trial; thereupon, defendants by attorney, orally move the Court to dismiss plaintiff's amended petition, and the Court having heard and duly considered the same and being sufficiently advised thereof, doth order that said oral motion be and the same is hereby sustained, and that the plaintiff's amended petition be and the same is hereby dismissed, with prejudice, at the cost of the plaintiff, for which let execution issue."

The plaintiff then filed a motion for a new trial which was overruled and was followed by this appeal. That is all that the record contains.

Arky's petition alleged that he is engaged in farming and that he rented a stall in the market place operated by the St. Louis County Producers' Market Company to sell his products. The other defendants named are officers of the corporate defendant, and the sheriff. The St. Louis County Producers' Market Company brought an unlawful detainer suit against Arky in July of 1953. This action resulted in the judgment, the enforcement of which he now seeks to enjoin. He alleged that since the judgment was obtained against him he again became a tenant of the corporate defendant.

The answer of defendant corporation stated that since its suit for unlawful detainer it has been trying to get possession of the stall occupied by Arky, and it denied that there was any new agreement for him to occupy a stall at the market.

It is admitted in the appellant's brief that plaintiff "has had many lawyers" and that the cause here under consideration "was set several times", but it is urged that the court erred in dismissing the plaintiff's petition with prejudice. This is the only point raised.

We are cited to Kopp v. Thomson, Mo., 277 S.W.2d 579, and Keiser v. Wiedmer, Mo.App., 283 S.W.2d 914, which have to do with laches, but no question of laches is present in the matter under consideration. We are also cited to McLaughlin v. Neiger, Mo.App., 286 S.W.2d 380, which deals with a dismissal of a case because of an alleged lack of capacity to bring the suit. We held the dismissal to be erroneous because the facts to sustain the dismissal were not uncontroverted. We have no question such as the capacity of the parties before us. Another case cited by the appellant is Hartle v. Hartle, Mo.App., 184 S.W.2d 786, which has to do with setting aside a default judgment in a divorce case, and it is also without application to any facts or law here under consideration.

■ In his argument the appellant states that the court should have overruled the motion to dismiss and should have given the case "a pre-emptory setting" where the issues could have been determined. There is nothing in the record indicating that counsel for Arky asked for a continuance either orally or in writing as required by Section 510.090 RSMo 1949, V.A.M.S. The record merely shows that

when the case was called at a regular setting the plaintiff announced that he was not ready for trial. With no excuse having been offered and with no request for a continuance being made, the court took about the only logical action open to it. The rule is that courts have power in the exercise of sound judicial discretion to dismiss a case for failure to prosecute with diligence. Section 510.140 RSMo 1949, V.A.M.S.; Doughty v. Terminal Railroad Ass'n of St. Louis, Mo., 291 S.W.2d 119; Guhman v. Grothe, 346 Mo. 427, 142 S.W. 2d 1; City of Jefferson v. Capital City Oil Co., Mo.App., 286 S.W.2d 65.

For the reasons stated, the judgment of the circuit court should be affirmed.

PER CURIAM.

The foregoing opinion of WOLFE, C./is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed.

RUDDY, P. J., ANDERSON, J., and JOHN C. CASEY, Special Judge, concur.