John E. MILLS, Plaintiff-Appellant,

v.

F. E. BERRY, Merritt Nichols and George Lane, Judges of County Court of Ralls County, Missouri, Defendants-Respondents.

No. 31967.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1965.

John E. Mills, New London, for plaintiff-appellant.

Ely & Hibbard, Hannibal, for defendants-respondents.

ROY W. McGHEE, Special Judge.

For the purposes of this opinion we treat this action as one brought by plaintiff-appellant as the duly elected and acting prosecuting attorney of Ralls County, Missouri against defendant-respondent, Ralls County, Missouri, for re-imbursement for certain expenses of the office of prosecuting attorney which plaintiff claimed to have paid for out of his own funds. The suit resulted when the County Court of Ralls County refused to re-imburse plaintiff.

We shall refer to the parties as plaintiff and defendant.

Plaintiff claims in his petition that he expended for telephone, telegraph, mileage,

secretarial hire and F.I.C.A. taxes for the years 1960 through 1963, a total of $2,244.41 which amounts were properly chargeable against Ralls County and demanded payment from the County for re-imbursement in the amount budgeted for the period in question, amounting to $1,980.41, which defendant county refused to pay.

Defendant's first amended answer admitted that there was due and owing to plaintiff by way of re-imbursement for expenses incurred by plaintiff in his official capacity as prosecuting attorney, a total of $1,307.28, which amount, together with $10.-00 court cost deposit made by plaintiff, was tendered into court.

Plaintiff thereafter notified the circuit judge and the circuit clerk, in writing, that a jury would not be required in the trial of the case. The circuit judge disqualified himself and subsequently, Hon. James D. Clemens, Special Judge, assumed jurisdiction of the case. On the day the case was set for trial, plaintiff appeared in person and as counsel for himself. Defendant appeared by counsel. After considerable discussion, the Court pointed out to plaintiff that no jury had been called in response to the written statement of plaintiff that he did not desire to submit the matter to a jury and further, " * * * the purpose of the trial today is to give you an opportunity to prosecute your action if you care to do so." To which plaintiff replied: "So far as I am concerned, I will dismiss the action." The Court answered: "All right."

After still more discussion between the Court and plaintiff in which plaintiff seemed to want to discuss generally his difficulties with the County Court of Ralls County, the trial judge stated to plaintiff: "Well, as I understand it, Mr. Mills, so far as the present cause No. 235 is concerned, you do not at this time desire to present evidence in support of your petition. Am I correct in that?" The plaintiff replied: "Yes, sir." After still further discussion, the Court stated: "Of course, if the action is

dismissed there would be no judgment against the County, and upon dismissal of the action, I think it would be appropriate for this Court to order the tendered funds returned to the defendant. Mr. Mills, do you have any objection to that, or any further suggestions as to how these funds should be handled that have been tendered?" Plaintiff replied: "I have no suggestion whatsoever, your Honor. I am going to leave the matter up to the Court to determine, and the Court may do whatever he sees fit to do."

Plaintiff had not been sworn as a witness and no other witnesses were ever sworn and no evidence of any kind was offered by plaintiff. The trial judge stated: "Well, it is the decision of the Court that inasmuch as the plaintiff has no evidence to present in support of his petition, and has stated that he desires to dismiss the action, it will be the Court's order that the petition be dismissed for want of prosecution, and that the funds heretofore tendered by the defendants be, by the Clerk, returned to the defendants in the case." Judgment was entered on April 29, 1964, dismissing plaintiff's cause of action for want of prosecution and taxing the costs against the plaintiff.

On May 7, 1964, plaintiff filed a motion entitled "Motion for New Trial," as follows: Plaintiff, John E. Mills, moves this court make and enter its order setting aside the judgment heretofore entered in this cause upon the 29th day of April, 1964, and granting to Plaintiff a new trial upon the grounds that: (1) the trial judge entered no findings of facts in said matter upon which he based his judgment. (2) Defendant, in his pleadings, admitted liability for accounts claimed to be due by plaintiff but the trial judge ruled these accounts should not be paid even though admitted to be due by the defendants. (3) The trial judge erred in refusing to permit public funds budgeted and allotted for said purposes to be used in the necessary operation of the office of Prosecuting Attorney.

Defendant filed its motion to strike plaintiff's motion for a new trial, stating that there had been no trial and that plaintiff's cause had been dismissed for failure to prosecute. Subsequently, the trial court overruled the motion to strike plaintiff's motion for a new trial, and overruled the motion for a new trial and amended its judgment entry of dismissal of April 29, 1964, by adding thereto the words, "without prejudice." Plaintiff timely filed his notice of appeal to this court.

Plaintiff's brief is not particularly helpful, but apparently he contends here that the trial court erred in entering its judgment dismissing plaintiff's cause of action without prejudice for failure to prosecute and in overruling plaintiff's motion for a new trial.

Plaintiff had the right to have his cause of action tried to a jury, but he waived this right when he filed his written statement with the clerk of the court recommending that "no jury be called on the date this matter is set." Sup.Ct. Rule 69.01(b), V.A.M.R. Upon the jury being waived the case was triable before the court and when the parties plaintiff and defendant appeared pursuant to a setting of the cause and the Court indicated that he was ready to hear the case, it became the duty of plaintiff either to ask for a continuance or to present his evidence, but instead plaintiff stated: "So far as I am concerned, I will dismiss the action." This plaintiff had the right to do. Section 510.130 RSMo 1959, V.A.M.S.; Sup.Ct. Rule 67.01.

Courts have power in the exercise of sound judicial discretion to dismiss a case for failure to prosecute with diligence. Section 510.140 RSMo 1959, V.A.M.S. Arky v. St. Louis County Producers' Market Co., Mo.App., 312 S.W.2d 156. Euge v. Lemay Bank & Trust Co., Mo., 386 S.W.2d 398 and cases there cited. The Court said:

"The general rule is that courts have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and that the action thereon will not be disturbed on appeal unless such discretion was abused."

Therefore, in the instant case when the trial court inquired in effect, is it your intention not to present any evidence at this time, and the plaintiff stated, "Yes sir," the Court quite properly indicated that it was his intention to dismiss plaintiff's cause of action for failure to prosecute. There was no abuse of discretion on the part of the trial court.

Plaintiff's second point that the Court erred in not setting aside the judgment of dismissal and granting a new trial is wholly without merit. First there had been no trial or submission of any issue to the Court because plaintiff had refused to go forward with any evidence, though urged and given every opportunity to do so. Second, no proper or sufficient reason was offered in the so-called motion for new trial to warrant the Court in setting aside its order of dismissal. An order overruling a motion for a new trial is not an appealable order. State ex rel. State Highway Commission v. Kendrick, Mo., 383 S.W.2d 740. City of Joplin v. Joplin Waterworks Co., Mo., 386 S.W.2d 369.

We are not unmindful of the fact that defendant admitted certain sums were due and owing to plaintiff and since plaintiff's cause of action was dismissed without prejudice he may still prosecute his cause of action if he cares to do so.

We hold that plaintiff may not complain if he offers to dismiss his cause of action; refuses to go forward with evidence and is advised by the trial court unless he does offer evidence his cause will be dismissed and then upon his refusal to offer evidence, or ask for a continuance, the trial court dismisses his cause of action without prejudice.

For the reasons given the judgment of the circuit court dismissing plaintiff's cause of action for failure to prosecute, and without prejudice, should be affirmed.

WOLFE, P. J., and ANDERSON, J., concur.